# McDade v. The State.

### Unlawfully Killing Animal.

(Decided January 22, 1914. 64 South. 519.)

1. *Charge of Court; Reasonable Doubt.*—A charge asserting that defendant could not be convicted unless each juror was not only reasonably satisfied of defendant's guilt from the evidence, but was satisfied from the evidence alone beyond all reasonable doubt and to a moral certainty, of his guilt, was not objectionable as being argumentative, and should have been given.

[McDade v. The State.]

2. *Same.*—A charge that if it was probable that defendant was innocent, the jury should promptly acquit him was rendered objectionable by the use of the word "promptly."

3. *Witnesses; Examination; Cross.*—Where the prosecution was for wantonly or maliciously killing a horse, and a witness testified as an expert as to what caused the injury to the horse, the court should have permitted reasonable latitude on cross-examination to test the means and accuracy of his knowledge.

APPEAL from Montgomery City Court.

Heard before Hon. ARMISTEAD BROWN.

Joe F. McDade was convicted of maliciously or wantonly killing a horse, and he appeals. Reversed and remanded.

Charge 2: "Defendant cannot be convicted in this case unless each and every juror is not only reasonably satisfied from the evidence of defendant's guilt, but is satisfied from the evidence, and the evidence alone, beyond all reasonable doubt, and to a moral certainty, of his guilt."

Charge 5: "The court charges the jury that, if it is probable that defendant is innocent, you should promptly acquit him."

HILL, HILL, WHITING & STERN, for appellant. The court was in error in limiting the cross-examination of the expert witness.—*Staples v. Steed,* 60 South. 600; *N. C. & St. L. v. Hinds,* 60 South. 409; *Braham v. State,* 143 Ala. 28; *Birmingham Bank v. Bradley,* 108 Ala. 207. Charge 2 should have been given.—*Hales' Case,* 122 Ala. 85; *Hill's Case,* 146 Ala. 53; *Carter' Case,* 40 South. 82; Charge 5 should have been given.—*Adams v. State,* 57 South. 591; *Way v. State,* 155 Ala. 56; *Sanford v. State,* 39 South. 373.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. There was no error in the admission of evidence or in the refusal

of the court to permit the cross-examination of the witness Stough. Charge 2 was argumentative and properly refused. Charge 5 was properly refused because of the word "promptly."—*Adams v. State,* 175 Ala. 8.

PELHAM, J.—Charge No. 2 requested in writing by the defendant states correct propositions of law, is not covered by any given charge, and its refusal is error that must reverse the case. The charge is not subject to the criticism of argumentativeness made by the Attorney General. It is in effect a statement that a juror's mind must be led to a belief of the defendant's guilt, not only by the measure of proof required in a civil case, but by that necessary in a criminal case from a consideration of the evidence. The form in which the charge is framed as applying to each of the jurors being satisfied beyond all reasonable doubt of the defendant's guilt before a verdict of guilty would be justified under the law, is only a different way of stating that there can be no verdict of conviction or finding by the jury without unanimity, and has been approved as applied to both civil and criminal cases.—*Hale v. State,* 122 Ala. 85, 26 South. 236; *Phillips v. State,* 156 Ala. 140, 47 South. 247; *B. R., L. & P. Co. v. Humphries,* 171 Ala. 291, 54 South. 613.

The use of the word "promptly" in refused charge No. 5 renders it bad, and its refusal proper.—*Way v. State,* 155 Ala. 52, 46 South. 273.

Other refused charges are not insisted upon or discussed by appellant's counsel in brief filed, nor do we think the refusal of any of them constitutes error.

The rulings on the evidence are free from reversible error; but we think it proper to state for the benefit of the court on another trial that it is our opinion that greater latitude should be permitted in the cross-exam-

ination of the witness Stough for the purpose of testing his knowledge of such matters after he had stated his experience and given his opinion as to what caused the injury to the animal on his direct examination. The witness was giving his opinion as an expert, or one having knowledge of such matters, and the court should permit all reasonable latitude to the cross-examination of such a witness for the purpose of testing the means and accuracy of his knowledge.—*West Pratt Co. v. Andrews,* 150 Ala. 368, 43 South. 348; *Braham v. State,* 143 Ala. 28, 38 South. 919; *Council v. Mayhew,* 172 Ala. 295, 55 South. 314.

For the error pointed out, the judgment of conviction is reversed.

Reversed and remanded.