503 P.2d 817

**The STATE of Arizona, Appellee,**

v.

**John A. ROBINSON, Appellant.**

**No. 2331.**

Supreme Court of Arizona, In Banc.

Nov. 24, 1972.

Gary K. Nelson, Atty. Gen., by Louis A. Moore, Jr., Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by William C. Blakley, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a jury verdict and judgment of guilty to the crime of furnishing marijuana in violation of § 36–1002.07 A.R.S. (as amended 1961). The trial court suspended the imposition of sentence and placed the defendant, John A. Robinson, on seven years probation with the condition that he serve at least one year in the Maricopa County Jail.

We are called upon to answer the following questions on appeal:

1. Did the defendant "furnish" marijuana within the meaning of the statute?

2. Did the trial court err in modifying defendant's requested instruction defining "furnishing" of marijuana, by deleting the words: "but does not include mere delivery of the marijuana from one person to another"?

The facts necessary for a determination of this matter on appeal are as follows. The defendant was hitchhiking eastbound on Apache Boulevard in Mesa, Arizona, on the afternoon of 4 August 1970. Robinson was picked up by three undercover narcotics agents who were traveling in an old panel truck, painted many different colors and decorated with "peace signs." The three narcotics agents were dressed in "hippie" fashion. After the defendant got into the vehicle, two of the agents engaged him in a conversation relating to narcotics. One of the agents told the defendant that they were finding it difficult to purchase— or to "score any marijuana." On hearing this, the defendant told them he was on his way to a girl's house and that if the three would take him there, he could "turn them on." The three narcotics agents and the defendant then proceeded to 15 North Ashland in Mesa where the defendant entered the residence alone and returned minutes

later with a young lady. The defendant then took a bag of green, leafy substance from the young lady and handed it to one of the agents. A chemist for the Arizona Department of Public Safety Crime Laboratory later identified the substance as a useable amount of marijuana.

On 25 January 1971, the defendant's trial resulted in a hung jury and a mistrial was declared. A second trial was held on 8 February 1971 and the jury found Robinson guilty· of furnishing marijuana.

## FURNISHING MARIJUANA

■ At trial, defendant moved for directed verdict contending that for the State to establish a prima facie case it must be shown that Robinson actually possessed the marijuana. The defendant asserts that the State failed to establish possession of marijuana and therefore the court should have granted his timely motion for a directed verdict. We do not agree.

§ 36–1002.07 A.R.S. provides in pertinent part:

"A. Every person who * * * sells, furnishes, * * * marijuana shall be punished by imprisonment in the state prison from five years to life * * *."

We have said: "to 'furnish' means to provide or supply." Shartzer v. Ulmer, 85 Ariz. 179, 183, 333 P.2d 1084, 1087 (1959). Also, that furnishing "connotes a transfer of possession." Williams v. Pipe Trades Industry Program of Arizona, 100 Ariz. 14, 409 P.2d 720 (1966).

The defendant testified that he handed one of the agents some marijuana:

"Q And you went inside and learned that Peggy had marijuana, right?

"A Yes.

"Q Then you and Peggy came outside?

"A Yes, sir.

"Q And you handed to Officer Andrews some of this marijuana, is that right?

"A Yes, I guess so."

This was substantiated by testimony of one of the agents:

"The defendant went inside of the residence, was gone for approximately three to five minutes. He returned with a young Caucasian female approximately 17. The first time I observed him was coming up the walkway. And he approached the passenger side of the vehicle. He handed Agent Andrews a plastic bag containing a green vegetable material."

■ We think that possession was adequately established. This was not a mere "passing" from one person to another by a third party go-between. There was no evidence that the agents were dealing directly with the girl, but on the contrary they were dealing with the defendant and the defendant was more than an unknowing or unwilling conduit through which the marijuana passed. Defendant had possession of the marijuana and at that moment he was free to keep it, give it back, or furnish it to the agents which he did. He was the one who supplied the marijuana and the trial court properly denied defendant's motion for directed verdict.

## DID THE TRIAL COURT ERR IN MODIFYING DEFENDANT'S REQUESTED INSTRUCTION?

■ The defendant requested the following instruction which was given after the court deleted the part marked:

"Every person who furnishes marijuana is guilty of a felony. Furnish means to provide or supply. It connotes a transfer of possession, but does not include mere delivery of the marijuana from one person to another."

There is no evidence that the defendant was unwittingly acting for the girl in hand-

ing the marijuana over and we do not believe the portion of the instruction is supported by the evidence. Furthermore, the portion of the requested instruction was erroneously insufficient. For "mere delivery" to be a defense, there must also be shown a lack of knowledge as to the illegal nature of the item passed and the jury so instructed as even a "go-between" is guilty if he has knowledge of the illegality of the item he is transferring. See State v. Jacobson, 15 Ariz.App. 604, 490 P.2d 433 (1971).

Judgment affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.