Darrell TIPTON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–419.

Court of Criminal Appeals of Oklahoma.

Nov. 22, 1974.

Don Anderson, Public Defender, Tom Quinn, Legal Intern, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., for appellee.

OPINION

BRETT, Judge:

Appellant, Darrell Tipton, hereinafter referred to as defendant, was charged,

tried and convicted in the District Court, Oklahoma County, Case No. CRF–73–318, with the crime of Unlawful Distribution of a Controlled Dangerous Substance, specifically Heroin, in violation of 63 O.S.1971, § 2–401. He was sentenced to serve a term of ten (10) years in the State penitentiary in accordance with the verdict of the jury and a timely appeal has been perfected to this Court.

The transcript of the trial reflects that on the evening of December 6, 1972, Oklahoma City Police Officer Robert Bonney, working as an undercover narcotics agent met the defendant at the Buckin' Far Bar and attempted to purchase from him a "dime bag" (a $10.00 quantity) of heroin. The acquaintance between the two men extended over the previous two months and the defendant had on several occasions told Bonney that he could obtain heroin for him. At the time of the meeting on the evening in question the defendant told the officer he had no heroin but stated " . . . if I would come back to the bar at approximately 11:00 p. m. that same date, that he could possibly have me a dime bag." (Tr. 24) At the time appointed, Bonney returned to the bar and met the defendant on his way out. Tipton had not obtained the narcotic but offered to take the officer to a place where heroin could be purchased. Together they went to the apartment of a girl identified as Vicky Hadlick. In response to Tipton's inquiry the girl said she had one dime bag of heroin left. Tipton told her that his companion wanted to buy it. She took a package of heroin out of her wallet and placed it on a phone book between herself and the defendant. Bonney held out two five dollar bills for the girl to take but she refused them, saying "no, I don't know you, I know Darrell." (Tr. 28) Bonney then put the money on the phone book. Tipton handed the drug to Bonney and the money to the girl.

On appeal the defendant's sole contention is that the court should have acquitted him as a matter of law because in going to a source of supply and obtaining an amount of heroin for Officer Bonney he acted as a procuring agent of, rather than a seller to, that law enforcement official.

The procuring agent theory as a defense to a charge of illegal sale of narcotics appears to have originated in the language of the Court in United States v. Sawyer, 210 F.2d 169 (3d Cir. 1954). It was subsequently recognized by a majority of the Federal Circuits and by a number of State courts. See e. g., United States v. Winfield, 341 F.2d 70 (2d Cir. 1965) ; Myers v. United States, 337 F.2d 22 (8th Cir. 1964) ; United States v. Sizer, 292 F.2d 596 (4th Cir. 1961) ; Kelley v. United States, 107 U.S.App.D.C. 122, 275 F.2d 10 (1960) ; United States v. Moses, 220 F.2d 166 (3d Cir. 1955) ; Commonwealth v. Simione, 447 Pa. 473, 291 A.2d 764 (1972) ; Commonwealth v. Harvard, 356 Mass. 452, 253 N. E.2d 346 (1969) ; People v. Branch, 13 A. D.2d 714, 213 N.Y.S.2d 535 (1961) ; Smith v. State, Tex.Cr.App., 396 S.W.2d 876 (1965). This Court adopted the procuring agent theory in Posey v. State, Okl.Cr., 507 P.2d 576 (1973). The theory is that if a defendant, in obtaining and delivering drugs to another, acted solely as the agent of the recipient and in no other capacity, then the transaction was a delivery by an agent to his principal of that which already belonged to him and hence was not a sale, barter, exchange, or gift prohibited by the drug laws applicable to the above cases.

The defendant in Posey v. State, supra, was convicted under prior law which prohibited "sale" and defined sale as any " . . . barter, exchange, or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant or employee." 63 O.S.A.1961, § 401(10). Under present law, however, the conduct prohibited is "distribution," 63 O.S. § 2–401. The act defines distribution to mean to deliver and defines deliver as the " . . . actual, constructive, or attempted transfer from one person to another of a controlled dangerous substance, whether or not there is an agency relationship." 63 O.S.1971, §

2–101(10). Other courts have held that the same or a similar change in the applicable statutory language makes the issue of agency irrelevant and clearly precludes the use of the procuring agent defense. See, United States v. Redwood, 492 F.2d 216 (3d Cir. 1974); United States v. Johnson, 481 F.2d 645 (5th Cir. 1973); United States v. Hernandez, 480 F.2d 1044 (9th Cir. 1973); Commonwealth v. Noons, Mass.App., 308 N.E.2d 915 (1974); cf. Wood v. Commonwealth, 214 Va. 97, 197 S.E.2d 200 (1973).

We are in accord with the reasoning of those decisions and hold that the case of Posey v. State, supra, relied upon by the defendant is distinguishable from the case before us in that the conviction there was had under now repealed drug laws and was for selling a prohibited substance, not distributing as defined by 63 O.S. § 2–101.

We therefore find the evidence sufficient to sustain defendant's conviction for the distribution of heroin. Affirmed.

BLISS, P. J., and BUSSEY, J., concur.