317 So.2d 501

**Charles NESBITT, alias**

**v.**

**STATE.**

**5 Div. 250.**

Court of Criminal Appeals of Alabama.

May 27, 1975.

Rehearing Denied June 30, 1975.

**535**

Samford, Torbert, Denson & Horsely and Robert H. Pettey, Jr., Opelika, for appellant.

William J. Baxley, Atty. Gen., and Kermit M. Downs, Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

Appellant was charged by indictment and convicted in the lower court of selling marijuana, the sale of which constitutes a felony under the Alabama Uniform Controlled Substances Act, Code of Alabama 1940, Recompiled 1958, Title 22, Section 258(29). His punishment was fixed by the court at 15 years imprisonment in the penitentiary.

Without attempting to detail the evidence, we may observe the State's evidence tended to show a sale of marijuana by the appellant to witness Alex Smith, a deputy sheriff with the Lee County Sheriff's Office who was working as an undercover agent at the time. The State's testimony further showed that witness Smith had been connected with the sheriff's department for more than two years before the night of April 3, 1974, the time the sale was alleged to have occurred.

The testimony presented by the appellant and his witnesses was in the nature of an alibi. He specifically claimed that on the night in question, April 3, 1974, he had been with one Sidney Brewer, from 7 o'clock to 1 o'clock the next morning and that during the early part of the night, he had attended a class in which fraternity pledges were being instructed by Sidney Brewer, who was acting as "dean of pledges" for the Omega Psi Phi fraternity at Auburn, Alabama, and that after the meeting that he and Brewer were in the

company of two girls until about 1 o'clock. He emphatically denied the sale of any marijuana to State witness Smith but did say that at one time Smith had given him an envelope containing marijuana but that he put the substance in a medicine bottle and put it on a shelf in his apartment and never attempted to smoke it.

We think this brief outline of the evidence will demonstrate that it presented a case for a jury decision.

While no motion to exclude the evidence was made nor a motion for a new trial filed by appellant, he did request the affirmative charge and several other written charges which were properly refused by the court.

Appellant argues that the court unduly restricted the cross-examination of Lt. Watkins and Alex Smith as to the former employment of Smith while he was on loan from his employment in Lee County to other law enforcement agencies according to testimony of Watkins and Smith. The objections of the State to questions as to whether Smith had worked as an officer for Roanoke and also what counties other than Lee County he had worked as such were sustained by the court. The State's objections were sustained also to questions of appellant as to what counties other than Lee County he had been instrumental in arrests for violations of the drug laws and where he lived from 1972 to 1974.

We think this action of the court was error for the reasons hereinafter set out.

■ The right of cross-examination, thorough and sifting, is guaranteed to every person as to witnesses called to testify against him. Title 7, Section 443, Code of Alabama 1940, Recompiled 1958; *Warren v. State*, 292 Ala. 71, 288 So.2d 826. (Further cases, too numerous to set out here, could be cited to illustrate this fundamental rule.)

Further it has been held that the cross-examination of a witness to determine bias or prejudice may even pertain to irrelevant and immaterial matters as bearing on the memory, accuracy, credibility, interest, or sincerity of the witness. *State v. Howington*, 268 Ala. 574, 109 So.2d 676; *Mobile City Lines v. Alexander*, 249 Ala. 107, 30 So.2d 4.

■ The rule set out above applies to experts as well as ordinary lay witnesses. *Wilson v. State*, 243 Ala. 1, 8 So.2d 422. We quote from the case of *McDade v. State*, 10 Ala.App. 241, 64 So. 519, as follows:

"The witness was giving his opinion as an expert, or one having knowledge of such matters, and the court should permit all reasonable latitude to the cross-examination of such a witness for the purpose of testing the means and accuracy of his knowledge."

■ The competence of a witness to qualify as an expert is an inquiry addressed to the sound discretion of the trial court. This court on appeal will not disturb the court's finding of expert qualifications, unless there is shown a clear abuse of this discretion. *Cobb v. State*, 50 Ala. App. 707, 282 So.2d 327.

■ For a witness to so qualify in a particular field of endeavor depends upon his possession of a knowledge which "extends beyond or supersedes that of an ordinary witness." *Cobb v. State,* supra.

■ In the instant case the chief State's witness, Alex Smith, was considered an expert by the court and attorneys, and we think properly so, as based upon his knowledge of the peculiar jargon, habits, and conduct of users of illicit drugs in violation of law. He was shown to have had considerable experience as an undercover agent for law enforcement agencies in detecting and making arrests of those engaged in this activity.

■ We are of the opinion that the action of the court in sustaining objections

of the State to the questions above referred to on the cross-examination of witnesses Smith and Watkins unduly restricted the right of appellant to attempt to show the memory, accuracy, credibility, interest, or sincerity of the witnesses and that the court's action was error to reverse.

 During the examination of appellant's witness, Brewer, the appellant offered as Exhibit 1 a schedule of future events prepared by witness Brewer, who as above pointed out was "dean of pledges" for the fraternity, which had pledged the appellant, which schedule showed a list of meetings of the different pledges over a period of time including April 3, 1974. This exhibit was first offered before there was any testimony that the proposed meetings had been held and upon objection by the State the list was held to be inadmissible. After further testimony that in fact the meetings, particularly the one on April 3, 1974, had been held in compliance with the schedule, Exhibit 1, the exhibit was again offered by the appellant and again the objection of the State was sustained.

This testimony was material and relevant, as tending to support the testimony of appellant and Brewer, that appellant was present at the said meeting on April 3 and supportive of the appellant's defense of an alibi.

We are further of the opinion that this action of the court was erroneous.

Several written charges were refused to the appellant, some of which were affirmative in nature. The remaining charges which were good were covered by the oral charge of the court.

We have examined the record as required under the statute, and for the errors above pointed out, the case must be reversed and remanded for another trial.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby Reversed and remanded.

All the Judges concur.

## ON REHEARING

PER CURIAM.

On consideration of the *Appellant's* application for rehearing, the opinion of April 22, 1975, is hereby withdrawn and the opinion of Judge Haralson heretofore rendered on March 18, 1975, is reinstated as the opinion of the court.

Appellant's application for rehearing granted; reversed and remanded.

All the Judges concur.