428 So.2d 139 (1982)
Russell WALKER
v.
STATE.
4 Div. 55.
Court of Criminal Appeals of Alabama.
November 2, 1982.
Rehearing Denied December 28, 1982.
Certiorari Denied March 4, 1983.
*140 Donald J. McKinnon, Clayton, for appellant.
Charles A. Graddick, Atty. Gen., and Jeanne Weston, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 82-338.
*141 BOWEN, Judge.
The defendant was indicted and convicted for the sale of marijuana in violation of Alabama Code Section 20-2-70 (1975). Sentence was five years' imprisonment.

I
Because defense counsel announced satisfied with the oral charge of the trial judge and did not make specific objection to the judge's failure to give ten of the defendant's written requested instructions this issue has not been properly preserved for review. Allen v. State, 414 So.2d 989 (Ala.Cr.App.1981), affirmed, 414 So.2d 993 (Ala.1982).

II
The defendant argues that the word "furnish" as used in the statute, the indictment and in the judge's charge to the jury is unconstitutionally vague.
The indictment, following the language of Section 20-2-70, charged that the defendant "did unlawfully sell, furnish or give away one-fourth pound of marijuana."
The trial judge charged the jury that "furnishing simply means what we mean in everyday language .... it means to .... supply or provide." On appeal, the defendant candidly admits that "(a)t the time of trial and even now appellant cannot give any definition which would better indicate what the legislature meant by the word `furnish'." (Appellant's Brief, p. 11).
Although penal statutes are to be strictly construed, courts are not required to abandon common sense. United States v. Green, 446 F.2d 1169, 1173 (5th Cir.1971). Absent any indication to the contrary, the words must be given their ordinary and normal meaning. Day v. State, 378 So.2d 1156, 1158 (Ala.Cr.App.), reversed on other grounds, 378 So.2d 1159 (Ala.1979).
By statute, all provisions of Alabama's new criminal code "shall be construed according to the fair import of their terms to promote justice and to effect the objects of the law." Section 13A-1-6. "Furnish" is not defined in the Alabama Uniform Controlled Substances Act. Section 20-2-2.
As used in the Controlled Substances Act, "furnishes" means to provide or supply and connotes a transfer of possession. State v. Robinson, 108 Ariz. 596, 503 P.2d 817, 819 (1972); Baker v. Superior Court of Los Angeles County, 24 Cal.App.3d 124, 100 Cal.Rptr. 771, 772 (1972); Miller v. State, 281 P.2d 441, 445 (Okl.Cr.App.1955). The ordinary meaning of "furnish" is to provide or supply. 17A Words and Phrases, "Furnish" (1958).
The meaning of furnish as used in the Controlled Substances Act is clear and a person is not required to speculate as to the meaning of the statute at the peril of his freedom.

III
The defendant sold marijuana to an undercover agent. The testimony of the undercover agent did not require corroboration under Alabama Code Section 12-21-222 (1975). "The undercover agent in this case was not an accomplice of the defendant: Brown v. State, 44 Ala.App. 135, 203 So.2d 700 (1967). He could not be indicted and convicted for the crime, either as principal or accessory. Miller v. State, 290 Ala. 248, 275 So.2d 675 (1973)." Gilliland v. State, 291 Ala. 89, 93, 277 So.2d 901 (1973). See also Napier v. State, 344 So.2d 1235, 1237 (Ala.Cr.App.), cert. denied, 344 So.2d 1239 (Ala.1977).

IV
The defendant's rights were not violated when the State used its peremptory strikes to exclude blacks from the jury. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); Flowers v. State, 402 So.2d 1088, 1093 (Ala.Cr.App.), cert. denied, 402 So.2d 1094 (Ala.1981). The Constitution does not require "an examination of the prosecutor's reason for the exercise of his challenge in any given case." Swain, 380 U.S. at 221, 85 S.Ct. at 836. The fact that a district attorney used all of his strikes to exclude blacks from the jury venire *142 does not constitute proof that there was a systematic exclusion of blacks. McCray v. State, 395 So.2d 1057, 1059-60 (Ala.Cr.App.1980), cert. denied, 395 So.2d 1062 (Ala.1981); Carpenter v. State, 404 So.2d 89, 95 (Ala.Cr.App.1980.), cert. quashed, 404 So.2d 100 (Ala.1980); Watts v. State, 53 Ala.App. 518, 301 So.2d 280 (1974). A presumption exists that the prosecutor is using his challenges to obtain a fair and impartial jury. This presumption is not overcome merely by showing that he used all his strikes to remove blacks from the jury. Swain, supra.

V
Although the prosecutor improperly attempted to impeach defense witness Homer Washington by showing that Washington had been indicted (C. Gamble, McElroy's Alabama Evidence, Section 140.01(8) (3rd ed. 1977)), the trial judge sustained objection, excluded the matter from the jury's consideration and carefully and immediately instructed the jury not to consider that fact. The actions of the trial judge cured the prejudicial effect of the prosecutor's attempt at improper impeachment. Richardson v. State, 374 So.2d 433, 435 (Ala.Cr.App.1979).
Defense counsel indicated that the judge's curative instructions were sufficient. His approval waived any objection to the improper impeachment. We do not consider the comment so prejudicial as to be ineradicable and constitute grounds for mistrial. Kelley v. State, 405 So.2d 728, 729 (Ala.Cr.App.), cert. denied, 405 So.2d 731 (Ala.1981); Nix v. State, 370 So.2d 1115, 1117 (Ala.Cr.App.), cert. denied, 370 So.2d 1119 (Ala.1979). There is a prima facie presumption against error where the trial judge immediately charges the jury to disregard improper remarks. Kelley, 405 So.2d at 729.

VI
Witness Guy Metcalf was properly allowed to use his notes to refresh his memory as to the exact time that he met with the defendant. Only one objection on this ground was made and from the record it appears that after the witness had refreshed his recollection he testified from his independent recollection. This was proper under the doctrine of present recollection revived. McElroy, Section 116.01.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.