McMillan, judge.
This appeal follows a conviction for the offense of theft of property in the first degree in violation of § 13A-8-3, Code of Alabama (1975), and sentence of life imprisonment as a habitual offender. For the reasons outlined below, we affirm.
I
Two issues are raised by this appeal. The first issue is stated as follows: “Whether the court committed reversible error by refusing to provide appellant with a transcript of his co-defendant’s trial?” By way of a pre-trial motion, defense counsel requested that the trial court provide the necessary funds for a transcription of the trial which resulted in an acquittal for the appellant’s co-defendant. The trial court denied the request and defense counsel filed a motion for reconsideration, which was also denied.
On the date of trial, defense counsel renewed the earlier motion requesting funds to purchase a transcript of the co-defendant’s trial. The estimated cost of the transcript would have been $450 and defense counsel argued that the transcript was necessary to the preparation of his defense because of the “discrepancies” and “inconsistencies” in the testimony of the witnesses at the co-defendant’s trial. The trial court considered arguments in support of and in opposition to the motion and, again, denied the motion.
The appellant argues that, as an indigent, he was entitled to the “basic tools of a defense or an appeal,” under the authority of Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971). According to the appellant, the transcript’s value to his defenses was “great” because the transcript was “essential for discovery as well as impeachment purposes.”[1]
*318 This precise issue, however, has been previously decided adversely to the appellant; In Mardis v. State, 423 So.2d 331 (Ala.Cr.App.1982), this court concluded that the trial court’s denial of certain pretrial motions was proper, based upon the following reasoning:
“The defendant claims that the trial court erroneously denied portions of his ‘motion for discovery’ inquiring about the criminal records of, or the immunity promised to, any of the State’s witnesses. He also contends that the court erred by not granting his pretrial ‘petition for transcript for indigent defendant,’ in which he sought a copy of the trial transcript of his co-defendant James Meeks.
“Both requests were properly denied. The ‘petition for transcript for indigent defendant’ was a discovery device, as indicated by counsel’s statement in brief:
‘At the trial of James Meeks, the State called witnesses to the stand against Mr. Meeks which were in fact the same witnesses called against appellant at his trial. Appellant requested a transcript of said proceedings in order to assist counsel for appellant in preparation of the case against him.’
“Section 12-22-190, Alabama Code 1975, authorizes a free transcript only for a convicted defendant for purposes of appeal. See Mayola v. State, 344 So.2d 818 (Ala.Cr.App.), cert. denied, 344 So.2d 822 (Ala.1977).
“There is no constitutional right to discovery in a criminal case. Brown v. State, 401 So.2d 213 (Ala.Cr.App.), cert. denied, 401 So.2d 218 (Ala.1981). Furthermore, it is within the trial court’s discretion to deny disclosure of material which might impeach the credibility of the State’s witnesses, see Oliver v. State, 399 So.2d 941 (Ala.Cr.App.1981); Mack v. State, 375 So.2d 476 (Ala.Cr.App.1978), affirmed, 375 So.2d 504 (Ala.1979), vacated on other grounds, 448 U.S. 903, 100 S.Ct. 3044, 65 L.Ed.2d 1134 (Ala.1980). The defendant has shown no abuse of discretion here.” Id. at 334.
Here, as in Mardis, there was no abuse of discretion in the trial court’s denial of appellant’s request for the funds to obtain a transcript of his co-defendant’s trial. See also: Isom v. State, 488 So.2d 12 (Ala.Cr.App.1986) (trial court’s denial of appellant’s request for psychiatric examintion at State expense proper); Wiggins v. State, 440 So. 2d 1164, 1167 (Ala.Cr.App.1983) (defense motion requesting funds to hire an expert pharmacologist was an “unnecessary and improper” request); Willis v. State, 441 So.2d 1030, 1034 (Ala.Cr.App.1983) (no abuse of trial court’s discretion where court evidently felt that there was no “reasonable basis” for the expenditure of State funds to hire an expert witness).
II
The second issue is stated as follows: “Whether it was error to permit the State to systematically exclude blacks from the jury when the defendant was a black male being tried for a crime against a white victim?” According to the appellant, he is entitled to a reversal of his conviction because the “State systematically struck blacks from the jury.”
After the jury had been selected, defense counsel argued that the State “arbitrarily struck nothing but blacks from the jury.” Although one black remained on the jury, defense counsel argued that this “doesn’t reflect the racial proportion of the community when there’s only one black left on the jury.” In responding to the allegations made at trial, the assistant district attorney denied that he used his peremptory strikes for racial purposes and also noted, for the record, that the defense “struck nothing but whites” from the jury. The appellant argues that a sufficient showing of “systematic exclusion of blacks” from the jury was presented to the trial court to justify a reversal of his conviction.[2]
Even assuming that all blacks were removed from the jury panel by the State’s *319 use of its peremptory strikes, this court has stated that “The prosecutor’s exercise of the peremptory challenge in any particular case is hot to be judicially reviewed and evidence that the prosecutor used peremptory challenges to remove all blacks from the jury panel in a particular case will not support a claim of racial discrimination under the Equal Protection clause.” Jackson v. State, 516 So.2d 726 (Ala.Cr.App.1985), citing Swain v. Alabama, 380 U.S. 202, 221-22, 85 S.Ct. 824, 836-37, 13 L.Ed.2d 759 (1965).
The appellant in this case has not presented prima facie proof of systematic exclusion of blacks from the jury panel by the State. As this court in Jackson, supra, concluded:
“[T]he appellant has not established that the Jefferson County prosecutor im-permissibly exercised his peremptory strikes to exclude black prospective jurors solely in furtherance df racial discrimination. We cannot hold otherwise upon the record before us. To do so would undermine our peremptory strike system which we have recognized as essential to the fairness of trial by an impartial jury. [Citation omitted.] While we are mindful of the heavy burden which Swain imposes upon the defendant challenging the prosecution’s use of its peremptory strikes, ‘[t]his burden flows from the discretionary nature of the peremptory challenge itself.’ [Footnote omitted, citation omitted.] We intend to preserve this discretionary nature of the peremptory strike. In furtherance of this intention, we reiterate that the use of the peremptory strike by a particular prosecutor can only be attacked by specific historical acts of an ‘acceptable degree of clarity’ showing ‘when, how often, and under what circumstances the prosecutor alone has been responsible for striking’ black persons, thereby demonstrating his intent ‘to deny the Negro the same right and opportunity to participate in the administration of justice enjoyed by the white population.’ ” (Citation omitted.)
Under Alabama law, the prosecution’s exclusion of blacks from the jury venire in a particular case does not violate a defendant’s constitutional rights. Carpenter v. State, 404 So.2d 89, 94 (Ala.Cr.App.1980), writ quashed, 404 So.2d 100 (Ala.1981), cited in Martin v. State, 482 So.2d 1272 (Ala.Cr.App.1985). As this court has noted:
“ ‘A presumption exists that the prosecutor is using his challenges to obtain a fair and impartial jury. This presumption is not overcome merely by showing that he uses all of his strikes to remove blacks from the jury.’ ” Walker v. State, 428 So.2d 139, 141-42 (Ala.Cr.App.), cert. denied, 428 So.2d 139 (Ala.1983), quoted in Scott v. State, 479 So.2d 1343 (Ala.Cr.App.1985).
There was no error at the trial court level.
AFFIRMED.
All the Judges concur.

. By statute, counsel appointed to represent an indigent is entitled to be "reimbursed for any expenses reasonably incurred in [the] defense to be approved in advance by the trial court.” § 15-12-21(d), Code of Alabama (1975). As this court has noted, however, ‘“equal protection does not require that the appellant be free to futilely waste the money of the Alabama taxpayers.’” Bailey v. State, 421 So.2d 1364, 1367 (Ala.Cr.App.1982), quoting Gales v. State, 338 *318 So.2d 436, 438 (Ala.Cr.App.), cert. denied, 338 So.2d 438 (Ala.1976).

. Other than this mere allegation, however, no further "proof’ of any systematic" exclusion of blacks from the jury was presented by the defendant at the trial court level.