BOWEN, Presiding Judge.
Percy Williams was convicted for the sale of marijuana and sentenced to five years’ imprisonment. On this appeal from that conviction, he raises two issues.
I
Williams argues that there is insufficient evidence to sustain his conviction because the identification testimony of the two narcotics agents was not reliable.
The State presented a prima facie case. “[A] person is guilty of selling a controlled substance if his or her conduct *113 affords a reasonable inference that he or she participated in some way with the actual seller in making the sale.” Martin v. Alabama, 730 F.2d 721, 724 (11th Cir.1984). Mobile Police Officers Samuel Cochran and Terry Hicks testified that they purchased marijuana from Williams. Their testimony did not require corroboration. Walker v. State, 428 So.2d 139 (Ala.Cr.App.1982). The credibility of their testimony, which Williams argues is unbelievable, was a question for the jury and not this Court.
II
When Williams was arrested shortly after the sale, no money or marijuana was found on his person. In explaining that this was not unusual, Officer Cochran was permitted to testify over objection to the “mode of operation” of a “street dealer”— based upon his investigation and experience.
“Normally on the streets when they sell, the person that is selling the drugs will maintain just one package on his person. He will sell that, return to a stash bag that is generally hidden somewhere nearby within a few feet or maybe a little further, either in a bag that’s ruffled up as if it looks like trash or under a can, in a bush or something, and bring one back one at a time. This way if either a marked unit or some of our unmarked units that are well known to be our undercover cars, when we turn the corner this person with the set up will turn their back to us and start to walk away dropping the one package on the ground in front of their body to where we’re not able to see them drop it. If we search them or what have you on their person there is no drugs and we cannot connect the drugs that we find on the ground as being their drugs and subsequently we have no case and no arrest.
“Sometimes they will hide the money. Sometimes they will keep it on themselves. Other times they sell for other individuals and receive a cut or a commission per buy.”
The admission of this testimony was proper.
“The modus operandi of a particular crime or a particular common method of committing a crime has more often than not, in the specific context of the reported cases, been held to have been a proper subject for expert testimony, under the general principles that expert testimony is admissible if the subject matter meets the ordinary test of relevance and is sufficiently beyond ordinary experience as to render the testimony of probable assistance to the jury, and that the admission of expert testimony is a matter resting within the broad discretion of the trial judge and is not to be disturbed unless clearly erroneous. When modus operandi testimony has been held to have been improperly admitted ... it has not been on the grounds that the subject, in general, is an inappropriate one for expert testimony, but rather on the grounds that the particular testimony at issue exceeded the proper scope of mo-dus operandi testimony and brought in irrelevant or prejudicial matters.” An-not., 31 A.L.R.4th 798, 802-03 (1984).
See also Sexton v. State, 346 So.2d 1177, 1180 (Ala.Cr.App.), cert, denied, Ex parte Sexton, 346 So.2d 1180 (Ala.1977) (police officer properly qualified as expert to define slang words used in “street talk” regarding drugs); Nesbitt v. State, 55 Ala. App. 534, 536, 317 So.2d 501, cert, denied, 294 Ala. 766, 317 So.2d 504 (1975) (county deputy sheriff properly accepted as an expert on the subject of the peculiar jargon, habits, and conduct of users of illicit drugs).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.