Appellant Junior Lee McKissick was found guilty, by a jury, of the charge that he "did sell, furnish or give away Marijuana, a controlled substance, contrary to law, in violation of § 20-2-70 of the Code of Alabama". As a result of this conviction,[1] appellant was sentenced, as a habitual offender, to 20 years' imprisonment.
 The prosecution's evidence established the following. On February 2, 1986, at approximately 2:00 a.m., Officer Jesse Seroyer, while working undercover, approached several males who were standing outside Newsome's Drive-In and asked where he could purchase some marijuana. Appellant replied that he knew someone who was doing business. Seroyer said, "Let's go see what we can do." Then, appellant walked to an automobile parked nearby. One of the two males in the car, the occupant of the driver's seat, gave appellant a plastic bag that contained plant material later determined to be marijuana. Appellant, in turn, gave the bag to Seroyer, and Seroyer handed $10.00 to the driver. During this transaction, Seroyer observed several more bags and more money in the car. As Seroyer was leaving, appellant said that Seroyer should give him something for setting up the deal. Seroyer gave appellant a dollar and left.
As his sole issue, appellant argues that, upon the recited evidence, the trial court should have granted his motion for a directed verdict of acquittal. He relies on Hill v. State, 348 So.2d 848 (Ala.Cr.App. 1977), cert. denied, 348 So.2d 857
(Ala. 1977), for his contention that a defendant who has acted without interest in or benefit from an alleged sale cannot be convicted as *Page 4 
a seller, even though his conduct may have facilitated the sale, where the evidence shows no conspiracy or pre-arrangment between the defendant and the seller. Appellant contends that he was merely a "procuring agent" for the buyer and, thus, not guilty as an accomplice of the seller.
 This argument overlooks one fact: the indictment was not limited to the act of selling, but broadly included the act of furnishing marijuana.
 " 'Furnish' is not defined in the Alabama Uniform Controlled Substances Act. Section 20-2-2.
 "As used in the Controlled Substances Act, 'furnishes' means to provide or supply and connotes a transfer of possession. State v. Robinson, 108 Ariz. 596, 503 P.2d 817, 819 (1972); Baker v. Superior Court of Los Angeles County, 24 Cal.App.3d 124, 100 Cal.Rptr. 771, 772 (1972); Miller v. State, 281 P.2d 441, 445 (Okla.Cr.App. 1955). The ordinary meaning of 'furnish' is to provide or supply. 17A Words and Phrases, 'Furnish' (1958).
 "The meaning of furnish as used in the Controlled Substances Act is clear. . . ."
 Walker v. State, 428 So.2d 139, 141 (Ala.Cr.App. 1982). See also 28 C.J.S. Drugs and Narcotics § 164 (Supp. 1974) (" 'To furnish' means to supply by any means, by sale or otherwise, and a sale need not be shown").
 "Under a statutory provision denouncing the offense of furnishing narcotic drugs, it is immaterial that the defendant furnished the narcotic or dangerous drug in the role of an agent between the purchaser and the supplier or the seller and the buyer." 28 C.J.S., supra, at § 165. The court in Hill, the case upon which appellant relies, recognizes the difference in result between those cases in which the defendant was charged with a "sale" in the ordinary sense of the word and those in which the accused was charged with some other action, such as "delivering," "distributing," or "furnishing." 348 So.2d at 853-55. In the latter type of prosecution, the issue of agency is irrelevant and the "procuring agent" defense is precluded. State v. Sharp, 104 Idaho 691, 662 P.2d 1135 (1983); Harwood v. State, 543 P.2d 761 (Okla.Cr.App. 1975); Tipton v. State, 528 P.2d 1115 (Okla.Cr.App. 1974).
 Thus, in this case, it makes no difference if appellant was merely acting as an agent for the buyer.[2] The issue was, simply, whether he transferred possession. At the moment appellant received the marijuana from the driver of the vehicle, he had the control and power to do with it as he wished. The record shows that he chose to hand it immediately to the buyer. Even in brief, appellant's counsel admits, "At the very most the record only indicates that the Defendant introduced a willing buyer and seller and aided only in the physical transfer of the drug." (Brief, p. 7) Thus, we find that the trial court's denial of appellant's motion for directed verdict was correct.
Accordingly, this cause is affirmed.
AFFIRMED.
All Judges concur.
[1] The jury verdict reads that it found appellant "guilty of selling marijuana as charged in the indictment." When this indictment is read in the context of the oral charge to the jury and the two possible verdicts submitted for consideration, both of which evoked no objection from defense counsel, it is clear that the jury found appellant guilty of selling, furnishing or giving away, not merely selling.
[2] In basing our affirmance on this rationale, we do not mean to imply that the prosecution's evidence was insufficient to support the holding that appellant aided and abetted in the sale.