Augustus Kinsey was convicted of violating the Alabama Uniform Controlled Substances Act and sentenced to 20 years' imprisonment under the Alabama Habitual Felony Offender Act. That conviction was affirmed on direct appeal without opinion.Kinsey v. State, 511 So.2d 276 (Ala.Cr.App. 1987). In 1987, Kinsey filed a petition for post-conviction relief alleging the ineffective assistance of trial and appellate counsel. After an evidentiary hearing, Kinsey was properly resentenced to 14 years' imprisonment under the provisions of the Controlled Substances Act. See Ex parte Chambers, 522 So.2d 313
(Ala. 1987). The petition was then denied. Two issues are presented on this appeal from that denial.
 I
Based on the case of Hill v. State, 348 So.2d 848
(Ala.Cr.App.), cert. denied, 348 So.2d 857 (Ala. 1977), Kinsey argues that he should not have been found guilty of the sale of marijuana because the evidence showed only that he arranged a contact between an undercover agent and the source of the drugs.
Kinsey is not entitled to relief on this ground because it could have been raised on direct appeal. Rule 20.2(a)(5), Temp.A.R.Cr.P. A petition for post-conviction relief does not serve as a substitute for either an appeal or a delayed appeal.Summers v. State, 366 So.2d 336, 339 (Ala.Cr.App. 1978), cert. denied, 366 So.2d 346 (Ala. 1979).
Furthermore, as explained in part II of this opinion, the principle of Hill is not applicable to the facts of Kinsey's case.
 II
Kinsey argues that his trial counsel was ineffective because he failed to use the holding of Hill v. State, 348 So.2d 848
(Ala.Cr.App. 1977), and advance the "procuring agent" defense. In reviewing this issue, we have examined the record of the proceedings at which Kinsey was convicted.
In Hill, the indictment charged that the defendant did "unlawfully sell marijuana, a controlled substance . . ." 348 So.2d at 848. The evidence adduced at trial was that an undercover officer met the defendant through a third party. The officer told the defendant he wanted to buy some "grass," and the defendant directed the officer to a particular apartment. At the apartment, the officer purchased a "dime bag" of marijuana from one Daniel Lee. The officer also gave the defendant $5.00 for the defendant to purchase a "nickel bag" of marijuana. Prior to going to the apartment, the defendant had asked the officer "[W]hat was in it for him?" 348 So.2d at 849. This Court held that such evidence was insufficient to support a conviction for selling marijuana in that the evidence linked the defendant more naturally to the buyer than to the seller.
The "procuring agent" defense recognized by Hill is not, however, available where the indictment is not limited to merely selling marijuana, but also charges other action by the defendant. In McKissick v. State, 522 So.2d 3
(Ala.Cr.App. 1987), this Court stated:
 "The court in Hill, the case upon which appellant relies, recognizes the difference in result between those cases in which the defendant was charged with a 'sale' in the ordinary sense of the word and those in which the accused was charged with some other action, such as 'delivering,' 'distributing,' or 'furnishing.' 348 So.2d at 853-55. In the latter type *Page 202 
of prosecution, the issue of agency is irrelevant and the 'procuring agent' defense is precluded. State v. Sharp, 104 Idaho 691, 662 P.2d 1135
(1983); Harwood v. State, 543 P.2d 761
(Okla.Cr.App. 1975); Tipton v. State, 528 P.2d 1115
(Okla.Cr.App. 1974)." 522 So.2d at 4.
The indictment against Kinsey charges that Kinsey "did sell, furnish or give away Marijuana." The facts established at Kinsey's trial are very similar to the facts inMcKissick, supra. In fact, the same undercover officer was involved in both cases.
Jessie Seroyer testified that, while working as an undercover officer, he met Kinsey through a third party. After Seroyer told Kinsey that he wanted to buy two "dime bags" of marijuana, Kinsey accompanied Seroyer in Seroyer's vehicle to a game room near the Red Fox Lounge in Dothan. In the parking lot, Seroyer gave Kinsey two ten dollar bills and Kinsey walked up to the door of the game room, where he had a conversation with some men. Kinsey then returned to Seroyer's vehicle and told Seroyer to come with him. Seroyer and Kinsey went into the game room, where one Anthony "Butter Ball" Wilson displayed to them several bags of marijuana. While Seroyer was examining these bags, Kinsey "was asking [him] whether or not it looked good enough to [him]." Seroyer indicated the bag he wished to purchase and Kinsey paid Wilson ten dollars and picked up the bag. On the way back to the car, Kinsey handed Seroyer the bag of marijuana and the remaining ten dollar bill. Seroyer then drove Kinsey to another area and let him out. En route to this location, Kinsey "stated he wanted to get a drink or something," and Seroyer gave him $5.00.
In McKissick, supra, this Court noted:
 "[I]n this case, it makes no difference if appellant was merely acting as an agent for the buyer. The issue was, simply, whether he transferred possession. At the moment appellant received the marijuana from the driver of the vehicle, he had the control and power to do with it as he wished. The record shows that he chose to hand it immediately to the buyer." 522 So.2d at 4 (footnote omitted).
In this case, as in McKissick, "[t]he jury verdict reads that it found appellant 'guilty of selling marijuana as charged in the indictment.' When this indictment is read in the context of the oral charge to the jury and the two possible verdicts submitted for consideration, both of which evoked no objection from defense counsel, it is clear that the jury found appellant guilty of selling, furnishing or giving away, not merely selling." 522 So.2d at 3, n. 1. Just as the Hill case was not applicable in McKissick, it is not applicable in this case.
In order to prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "In determining whether a defendant has established his burden of showing that his counsel was ineffective, we are not required to address both considerations of the Strickland v. Washington test if the defendant makes an insufficient showing on one of the prongs."Thomas v. State, 511 So.2d 248, 255 (Ala.Cr.App. 1987). Having demonstrated that the Hill case is not applicable to this case, it follows that counsel's performance was not deficient by virtue of his failure to raise the Hill case in Kinsey's defense.
 III
The petitioner asserts that his court-appointed counsel had an obligation to pursue his appeal beyond this Court's initial decision and that counsel's failure to file an application for rehearing with this Court constituted ineffective assistance of counsel.
The facts relevant to this issue are that, after this Court affirmed Kinsey's conviction, Kinsey's counsel informed him by letter that his obligation as appointed counsel had been fulfilled, that he would not pursue further appellate process, that Kinsey *Page 203 
had 14 days to apply for rehearing, and that counsel would send Kinsey the transcript if Kinsey so wished. Kinsey sought no relief in this Court and filed no application for rehearing, although he did inform counsel by letter that he wanted the transcript.
At the outset, we note that the issue of whether counsel must inform a defendant of his right to apply for a rehearing is not presented by this case and is an issue we do not consider in this opinion. See Talley v. Maggio, 451 So.2d 1358
(La.Ct.App. 1984); Tolliver v. State, 629 S.W.2d 913
(Tenn.Ct.App. 1981).
While a state is not required by the United States Constitution to provide an appeal process for the review of criminal convictions, McKane v. Durston, 153 U.S. 684,14 S.Ct. 913, 38 L.Ed. 867 (1894), once a state chooses to provide such a process it may not "do so in a way that discriminates against some convicted defendants on account of their poverty." Griffinv. Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891
(1956). In keeping with this mandate, the Court held in Douglasv. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811
(1963), that a state may not deny an indigent defendant the assistance of counsel in the defendant's first appeal which is granted by the state as a matter of right. The Court refused, however, in Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437,41 L.Ed.2d 341 (1974), to extend the Douglas holding to discretionary appellate review proceedings. In Ross, the Court "held that a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or applications for review in [the United States Supreme] Court."Wainwright v. Torna, 455 U.S. 586, 587, 102 S.Ct. 1300, 1301,71 L.Ed.2d 475 (1982). Although the right to counsel on appeal means the right to effective assistance of counsel, "the right to effective assistance of counsel is dependent on the right to counsel itself." Evitts v. Lucey, 469 U.S. 387, 397, n. 7,105 S.Ct. 830, 836, n. 7, 83 L.Ed.2d 821 (1985).
In this case, the dispositive question is whether a rehearing in the Alabama Court of Criminal Appeals is a matter of right or a matter of discretionary appellate review? We hold that a rehearing before this Court is a matter of discretion to which the right of counsel does not attach.
In Alabama, all persons convicted of a criminal offense are granted the right to an appeal by Alabama Code 1975, §12-22-130. This appeal is a right granted to the defendant and is to the Court of Criminal Appeals. Alabama Code 1975, §12-3-9. Any subsequent review of a criminal conviction by a higher state appellate court is by writ of certiorari to the Alabama Supreme Court. Review by certiorari is entirely discretionary with our Supreme Court (except in capital cases). See A.R.A.P. Rule 39; Ex parte Sellers, 250 Ala. 87,33 So.2d 349 (1948). The Supreme Court will consider a petition for writ of certiorari "only after the court of appeals has overruled an application for rehearing. . . ." A.R.A.P. Rule 39(a). Thus, a rehearing by this Court lies somewhere between a defendant's first appeal as a matter of right and a subsequent discretionary review.
With regard to rehearings,
 "it is generally the rule that, except in cases provided for by statute, a rehearing is not a matter of right, but a privilege given by the appellate court, and governed and limited by its rules. Accordingly it is often held that an application for a rehearing of an appeal addresses itself to the discretion of the court, and its decision in the matter is final." 5 C.J.S. Appeal Error § 1409 (1958) (footnotes omitted) (emphasis added).
Section 12-22-130, which provides for an appeal as of right, does not contain any reference to a rehearing. We have not found any statute which grants rehearing by this Court as a matter of right.
"Where a rehearing is not a matter of right, . . . the petition or application amounts to merely a friendly suggestion to the court informing it of its oversight or errors." 5 C.J.S.Appeal Error § 1428 (1958) (footnote omitted). The courts of this state have never explicitly held that a rehearing is a matter of right. However, our courts have consistently treated a rehearing *Page 204 
as a matter within the discretion of the court to which the application is addressed. "The office of an application for rehearing is to invite a re-examination of the questions decided in respect to their soundness as applied to the merits of the case as presented on appeal . . ." Redd Chemical Nitrate Co. v. W.T. Clay Mercantile Co., 219 Ala. 478, 479,122 So. 652, 653 (1929) (rehearing before Supreme Court). In overruling an application for rehearing in Gossett v. Pratt,250 Ala. 300, 301, 34 So.2d 145, 146 (1947), the Supreme Court stated: "The object and purpose of an application for rehearing is to invite review by the court as to the correctness of the opinion and judgment of the court as presented on the record upon which the case is submitted." Although Redd Chemical andGossett involved applications for rehearing before our state Supreme Court, the principle under consideration applies to the intermediate appellate courts. In Redwine v. State, 36 Ala. App. 560,569, 61 So.2d 715, 723 cert. denied, 258 Ala. 196,61 So.2d 724 (1952), the Alabama Court of Appeals observed: "An application for rehearing amounts to merely a friendlysuggestion to an appellate court informing [the court] of possible errors in its rendered opinion." (Emphasis added.) Further indication of the discretionary nature of a rehearing is found in Saylor v. State, 278 Ala. 297, 177 So.2d 926
(1965), cert. denied, Saylor v. Alabama, 383 U.S. 917,86 S.Ct. 909, 15 L.Ed.2d 671 (1966). In response to the defendant's contention that the Court of Appeals "erred, as a matter of law, in denying the motion for a rehearing," the Supreme Court noted that "[i]t was within the discretion of the Court of Appeals as to whether that court would set aside its opinion, set aside the submission of the cause and restore it to the docket." 278 Ala. at 297, 177 So.2d at 927.
Our conclusion that a rehearing is a discretionary review is also supported by Rule 40, A.R.A.P., which is entitled "Applications for Rehearing" and governs applications for rehearing in all the appellate courts of this state. Rule 40 provides in pertinent part:
 "The application for rehearing may be made separately or may be included at the beginning of applicant's brief. All applications for rehearing, and the briefs supporting same, must be filed with the clerk of the court within 14 days (2 weeks) after the rendition of the judgment, except that in the case of a pre-trial appeal by the state in a criminal case, any application for rehearing, with the supporting brief, must be filed with the clerk of the court within 7 days (1 week) after the rendition of the judgment. No party can, as a matter of right, apply for a rehearing unless a brief was filed with the clerk as provided by the rules. No brief opposing the application is required, but a brief from the opposing party may be filed within 14 days (2 weeks) — or, in the case of a pre-trial appeal by the state in a criminal case, within 7 days (1 week) — after the filing of the original application and brief."
The following definition of "application" appears inBlack's Law Dictionary 90 (5th ed. 1979): "A putting to, placing before, preferring a request or petition to or before a person. The act of making a request for something." (Emphasis added.) The repeated use of the term "application" throughout Rule 40 indicates that a rehearing is not a matter of right. A rehearing must be requested, and that request may be denied or granted at the discretion of the court. Furthermore, the opposing party is permitted to file a "brief opposing the application." If a rehearing were a matter of right, there could be no opposition thereto.
The provision in Rule 40 that "[n]o party can, as a matter ofright, apply for rehearing unless a brief was filed with the clerk as provided by the rules" (emphasis added) simply permits the summary dismissal of an application for rehearing filed by a party who did not file a brief on original submission. SeeHobbie v. State, 365 So.2d 685 (Ala.Cr.App. 1978); Bush v. JamesT. Johnson Co., 411 So.2d 139 (Ala.Civ.App. 1982); Muery v.Muery, 46 Ala. App. 617, 247 So.2d 123, cert. denied, 287 Ala. 737, 247 So.2d 128 (Ala. 1971). While this sentence may also be interpreted to grant a party who files a brief on original submission a right to apply for rehearing, it cannot *Page 205 
be interpreted as granting a right to a rehearing because the granting of a rehearing lies within the discretion of the court to which the application is addressed.
Kinsey's appointed counsel filed a brief on the original submission of the appeal of petitioner's conviction. Kinsey therefore had a right to apply for or request rehearing by this Court. However, the mere right to apply for rehearing does not carry with it the right to counsel. It is the nature of therehearing itself which controls the right to counsel. Arehearing is a discretionary review, not a matter of right, and "a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals . . ." Wainwrightv. Torna, 455 U.S. at 587, 102 S.Ct. at 1301. Since a rehearing is a discretionary review, Kinsey had no right to counsel in the filing of an application for rehearing. Consequently, he could not be deprived of the effective assistance of counsel by his appointed counsel's failure to file an application for rehearing. See Wainwright v. Torna, 455 U.S. at 587-88,102 S.Ct. at 1301.
For the reasons stated above, the judgment of the circuit court is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.