594 So.2d 690 (1991)
Brian Scott MATHIS
v.
STATE.
CR 89-1064.
Court of Criminal Appeals of Alabama.
February 1, 1991.
Rehearing Denied April 26, 1991.
James R. Bowles, Tallassee, for appellant.
Don Siegelman, Atty. Gen., and Cecil G. Brendle, Jr., Asst. Atty. Gen., for appellee.
TAYLOR, Judge.
Brian Scott Mathis was convicted after a jury trial of unlawful distribution of cocaine, a violation of § 13A-12-211, Code of Alabama 1975. Thereafter, he was sentenced to 15 years in prison and was ordered to pay restitution of $200.00 and court costs. He raises two issues on appeal.

I
The appellant first argues that he has standing, as a white male defendant, to object pursuant to Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 *691 (1986), to the prosecution's peremptory challenge of black prospective jurors.
This court held in Turner v. State, 521 So.2d 93 (Ala.Cr.App.1987), that in order to establish a prima facie case of purposeful discrimination in the jury selection, a defendant must show that he is a member of "a cognizable racial group" and that members of his race were removed from the venire by the prosecutor's peremptory strikes. Likewise, this court, in Smith v. State, 515 So.2d 149 (Ala.Cr.App.1987), stated: "The very wording of Batson established that the excluded veniremen and the defendant must be of the same race.... We, therefore, hold that the rule of Batson does not apply in cases where black veniremen are removed from the jury of a white defendant." Smith, 515 So.2d at 150.
This court recently readdressed this issue in Owen v. State, 586 So.2d 958 (Ala. Cr.App.1990). We stated:
"Under prior decisions of this Court, the appellant does not have standing to assert, under the equal protection clause, that the State improperly used its peremptory strikes to remove black jurors from the jury panel. Pierce v. State, [576 So.2d 236]; Bankhead v. State, 585 So.2d 97 (Ala.Crim.App.1989); Bui v. State, 551 So.2d 1094 (Ala.Crim.App. 1988), aff'd, 551 So.2d 1125 (Ala.1989), cert. filed with United States Supreme Court (No. 89-6271, December 12, 1989)."
586 So.2d at 959.
The present law is that a non-black may not raise a Batson violation. We note, however, that the standard articulated in Batson may be broadened at some future time. See Bui v. State, 551 So.2d 1094 (Ala.Cr.App.1988), aff'd, 551 So.2d 1125 (Ala.1989), cert. filed with United States Supreme Court (No. 89-6271, December 12, 1989).

II
Appellant next contends that the trial court erred in failing to grant his motion for judgment of acquittal at the close of the state's evidence and at the close of all evidence. Specifically, he argues that he was acting merely as a "procuring agent" for the buyer and never possessed, "even momentarily," the cocaine which Agent Lee purchased from Weldon. Thus, he contends that he is entitled to a judgment of acquittal.
The facts at trial tended to show that on April 1, 1989, Michael Todd Lee, an agent with the Alabama Alcoholic Beverage Control Board, met with Rex Puckett in the parking lot at the West Point Pepperell mill. Mr. Puckett was a co-employee of appellant. Agent Lee was working undercover in the area. Puckett told Lee that the appellant was going to come and talk to him (Lee) about a cocaine deal. Agent Lee waited in his car until appellant arrived and pulled his car alongside Lee's. Appellant identified himself and Lee did likewise. The two men then engaged in a conversation concerning a cocaine deal. After the conversation, appellant had Lee follow him to a place where he (appellant) made a telephone call. Then the two men waited about 10 minutes, until a blue Toyota automobile arrived. At that point, appellant went over to the Toyota and talked to the man inside, later identified as John Cade Weldon. Appellant then directed Lee to Rex Puckett's trailer, where the three menthe appellant, Weldon, and Agent Leewent inside. Once inside Puckett's trailer, Lee set up a set of scales and Weldon produced two clear plastic bags containing a white powder. Weldon pulled the bags from his pocket; the white powder contained within the clear bags was later determined to be cocaine. A price of $400.00 for 7 grams of the cocaine was agreed upon, at which time Agent Lee placed the money on the table. Appellant then picked up the money from the table and counted it to ensure that Lee had in fact placed down the correct amount. Appellant then handed the cash to Weldon and stated that it was the correct amount. Before Agent Lee left the trailer, appellant and Weldon agreed that Lee could contact Weldon through the appellant in the future. As Weldon and appellant were leaving, they discussed Weldon's giving the appellant a special deal on some cocaine.
*692 This case is similar to the case of McKissick v. State, 522 So.2d 3 (Ala.Cr.App. 1987). In McKissick, the appellant argued that he could not be convicted under § 20-2-70, Code of Alabama 1975, because he was only the "procuring agent" for the buyer and not an accomplice. As we then stated: "This argument overlooks one fact: the indictment was not limited to the act of selling, but broadly included the act of furnishing marijuana." "To furnish" means to supply by any means, by sale or otherwise, and a sale need not be shown. See McKissick.
As in McKissick, the appellant in the instant case was indicted under the broader statute which includes "sells, furnishes, gives away, manufactures, delivers or distributes." We held in Snider v. State, 406 So.2d 1008 (Ala.Cr.App.), writ denied, 406 So.2d 1015 (Ala.1981), that in a prosecution for the sale of illegal drugs, the "state is required to produce evidence which affords a reasonable inference that the defendant participated in some way with the seller in making the sale, and such linkage may be proved by circumstantial evidence" (emphasis added). Snider, 406 So.2d at 1012. Here the evidence of the appellant's participation in the sale of cocaine to Agent Lee is direct eyewitness testimony. Further, the fact that a defendant charged with selling cocaine does not physically accompany the seller of drugs and directly obtain the contraband for the dealer does not preclude his conviction of the offense of selling cocaine. Scofield v. State, 496 So.2d 96 (Ala.Cr.App. 1986). "Dividing up" the elements of a sale of narcotics does not exempt the sellers from conviction under the statute.
Upon a complete review of the record, we find that ample evidence supported the conviction and that the trial court correctly rejected appellant's motion and submitted the case for the jury's consideration.
AFFIRMED.
All the Judges concur, except BOWEN, J., who dissents in part and concurs in part with opinion.
BOWEN, Judge, dissenting in part, concurring in part.
I dissent from Part I of the majority opinion. Until the Alabama Supreme Court rules on the issue, I continue to adhere to my opinion that the Constitution and law of the State of Alabama prohibit any racial discrimination in the selection of a juror, regardless of the color of the race involved. Owen v. State, 586 So.2d 958, 962 (Ala.Cr. App.1990) (Bowen, J., dissenting); Gordon v. State, 587 So.2d 427, 433 (Ala.Cr.App. 1990) (Bowen, J., dissenting); Sosa v. State, 591 So.2d 897, 900 (Ala.Cr.App.1991) (Bowen, J., dissenting). See also Government of the Virgin Islands v. Forte, 865 F.2d 59 (3d Cir.1989); Roman v. Abrams, 822 F.2d 214 (2d Cir.1987). Cf. United States v. De Gross, 913 F.2d 1417 (9th Cir.1990) (gender discrimination).
I concur in Part II of the majority opinion.