Appellant, William "Teddy" Harrington, was convicted of the unlawful selling, furnishing, or giving away of 5.1 grams of marijuana in violation of § 20-2-70, Code of Alabama 1975. He was sentenced to a term of imprisonment of seven years.
On February 6, 1985 Kenneth Wooten, of the Alabama Alcoholic Beverage Control Board, Enforcement Division, met with the appellant. Officer Wooten asked appellant where he could get some marijuana. Appellant replied that he might be able to get hold of some, made a phone call, and then said they would have to go down to St. Clair County. *Page 54 
They then proceeded in Officer Wooten's unmarked State vehicle to St. Clair County, near the community of Springville. Wooten testified that they drove to a mobile home and that, upon arrival, appellant said he would have to have $30. Appellant took the money and entered the mobile home. Appellant, thereafter, returned to Wooten's vehicle and they drove away. After they were on the road appellant produced the bag of marijuana, upon which this conviction was based, and gave it to Wooten.
 I
Appellant contends, first, that the trial court abused its discretion when it allowed the State, on redirect examination, to ask officer Wooten about the chain of custody, when this matter was not addressed on direct examination and was not in rebuttal to anything brought out during cross-examination.
It is within the discretion of the trial court to allow redirect examination on matters which may have been, but were not, brought out on direct examination. Willis v. State,449 So.2d 1258 (Ala.Cr.App. 1984); Edgeworth v. State, 54 Ala. App. 93, 304 So.2d 911 (1974); Gautney v. State, 284 Ala. 82,222 So.2d 175 (1969). Because this testimony could, without question, have been elicited on direct examination, we find no reason why this court should disturb the trial court's discretionary decision to allow it to be elicited on redirect.
 II
Appellant contends that the State failed to prove that he sold any controlled substance. He relies heavily upon our decision in Hill v. State, 348 So.2d 848 (Ala.Cr.App.) cert. denied, 348 So.2d 857 (Ala. 1977) in support of his contention that his conviction is due to be reversed.
The indictment in Hill charged that Hill did "unlawfully sell marijuana, a controlled substance, in violation of . . . the Alabama Uniform Controlled Substances Act." This Court determined, however, that Hill could not be subjected to criminal responsibility for the crime of "selling" when his conduct did not afford a reasonable inference that he participated with the seller in making the sale. The evidence instead indicated that Hill arranged the contact between the undercover agent and the seller.
The factual situations of Hill and the instant case are very similar; however, the two cases can be distinguished on the basis of their underlying indictments. Whereas Hill was charged only with the sale of marijuana, the indictment in the instant case charged that Harrington did "unlawfully sell, furnish or give away" the marijuana. "As used in the Controlled Substances Act, 'furnishes' means to provide or supply and connotes a transfer of possession." Walker v. State, 428 So.2d 139
(Ala.Cr.App. 1982). While the facts, as set out above, do not establish that the appellant was guilty of a sale, they do establish that he furnished marijuana to the undercover officer. Consequently, unlike the situation in Hill, the appellant in the instant case may be found guilty as charged in the indictment. The appellant, therefore, is incorrect in his assertion that the State must prove that he "sold" the marijuana in order to support the conviction.
 III
As his final contention, appellant argues that the trial court erred in charging the jury on possession of marijuana for personal use as a lesser included offense of § 20-2-70, Code 1975. A review of the record reveals that the appellant did not object to any portion of the charge at trial and that he announced that he was "satisfied" with the charge when it was concluded by the trial court. The failure to object to the charge precludes any review of the matter by this Court.Singletary v. State, 473 So.2d 556 (Ala.Cr.App. 1984); Marschkev. State, 450 So.2d 177 (Ala.Cr.App. 1984).
For the foregoing reasons, this case is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 55