Allan Burton Haywood was indicted for the unlawful distribution of a controlled substance, in violation of §13A-12-211, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment." The trial judge sentenced the appellant to a split seven-year term, with one year to be served in the state penitentiary followed by three years of probation.
 I
The appellant claims that the State failed to prove that he committed the crime with which he was charged.
The record reveals that on October 7, 1988, certain members of the Birmingham Police Department were participating in a "street sweep" operation. The police department had received numerous complaints about drug activity in and around the Penfield Drive area of Birmingham, Alabama.
Two police officers, Marcus Johnson and Larry Fitzpatrick, were placed in the area, wearing street clothes and driving an unmarked automobile. They had a recording and a transmitting device in their car. Any conversation which they had could be heard by other police officers in the area and could be recorded at another location.
The two men were driving on the 1000 block of Penfield Drive when they spotted four or five men standing around a pickup truck. They approached the truck and struck up a conversation with the men. This conversation was recorded and transcribed, and was offered into evidence at trial.
"JOHNSON: WE TURNING LEFT ON PEN.
 "FITZPATRICK: IT JUST COMES TO RIGHT THERE. (UNINTELLIGIBLE THERE HE IS.)
"JOHNSON: THERE HE IS. I KNOW THAT'S RIGHT.
 "FITZPATRICK: IT MUST BE IT. ALLRIGHT (UNINTELLIGIBLE) WHAT YOU GOT, MY MAN?
"HAYWOOD: SOME 'CAINE, SOME ROCK.
"JOHNSON: ALLRIGHT.
 "FITZPATRICK: GIVE ME, GIVE ME SOME ROCK. GIVE ME TWO TWENTY CENT PIECES, MAN.
"JOHNSON: HEY, HE GOT IT. YEAH. THIS IS IT.
 "FITZPATRICK: LETS SEE IT. THAT TWENTY CENTS OR ARE THESE DIMES.
"AMOS: THEM TWENTIES.
"FITZPATRICK: AW, MAN. THEY LOOK LIKE DIMES.
"AMOS: THEY MY LAST TWO, BOY.
 "FITZPATRICK: THESE DIMES. THESE AIN'T NO TWENTY CENT PIECES. COME ON. DON'T, DON'T, DON'T SELL (UNINTELLIGIBLE. . . .)
"AMOS: (UNINTELLIGIBLE) . . . MAN.
"FITZPATRICK: NO, HEY. I TELL YOU WHAT THOUGH.
"AMOS: LET ME SHOW YOU THIS DIME.
"FITZPATRICK: NO, HEY. I TELL YOU WHAT THOUGH.
"AMOS: LET ME SHOW YOU THIS DIME.
 "FITZPATRICK: THESE HERE LOOK LIKE, UH HUH. THEY AIN'T GONNA GET ME OVER. LET ME SEE WHAT YOU GOT. NAW MAN. CAN'T DO A DIME FOR THESE.
 "AMOS: THAT'S GOOD MEDICINE. EVERYBODY COMING AND COMING BACK. *Page 299 
 "FITZPATRICK: HMM, LET ME SEE. WELL, WE'LL JUST TAKE ONE. GIVE ME ONE BAG, MAN.
"JOHNSON: YOU SURE?
"FITZPATRICK: WE CAN BEAT THIS SOMEWHERE ELSE.
"JOHNSON: YOU GONNA DO ONE.
"FITZPATRICK: YEAH.
"AMOS: THAT'S THE LAST OF THEM, PARTNER.
"FITZPATRICK: HUH?
"AMOS: THAT'S THE LAST OF EM.
"JOHNSON: YOU JUST WANNA DO ONE, MAN?
"AMOS: THEM BOYS AIN'T COMING BACK TODAY.
 "FITZPATRICK: (UNINTELLIGIBLE) . . . LITTLE SHORT THOUGH.
 "JOHNSON: YEAH BUT YOU KNOW I'LL HIT THIS ONE AND YOU HIT THAT ONE.
"FITZPATRICK: AW, COME ON. Y'ALL GOT ANY SMOKE?
"AMOS: NAW. NO. YOU WANT TO GET EM BOTH?
"FITZPATRICK: HUH?
"AMOS: YOU WANT TO GET EM BOTH?
 "JOHNSON: YEAH. YOU OUGHT TO LET US HAVE EM FOR THIS.
"AMOS: NAW MAN.
 "FITZPATRICK: YOU OUGHT TO LEAST GIVE HALF OR SOMETHING MAN.
 "AMOS: YOU KNOW . . . (UNINTELLIGIBLE) . . . LAST TWO, MAN.
"FITZPATRICK: ALLRIGHT.
 "AMOS: TELL YOU WHAT, MAN. BE BACK UP HERE. I'LL CUT Y'ALL OUT SOME.
"FITZPATRICK: HUH?
 "AMOS: IF Y'ALL COME BACK UP HERE LATER ON WE'LL BE STRAIGHT. WE'LL CUT YOU OFF A (UNINTELLIGIBLE).
"JOHNSON: HEY, THAT SOUNDS LIKE A WINNER.
"AMOS: ALLRIGHT.
"JOHNSON: SOUNDS LIKE A WINNER.
"AMOS: ALLRIGHT.
"JOHNSON: HUH. CHECK IT OUT.
"AMOS: ALLRIGHT.
"FITZPATRICK: TAKE CARE.
"JOHNSON: ALLRIGHT.
 "END OF CONVERSATION WITH DEFENDANTS." (R. 182-84.)
Officers Fitzpatrick and Johnson testified that the appellant, Haywood, responded that he had "[s]ome 'caine, some rock." When Fitzpatrick asked for "two twenty-cent pieces," both officers stated that the appellant turned around, walked to the other side of the truck and spoke with Beryl Topaz Amos. Amos then walked over to the officers's automobile and completed the sale of cocaine.
Officers Fitzpatrick and Johnson then drove a short distance and met with other officers. Amos and the appellant were pointed out as being the two men who made the sale. Both the appellant and Amos were placed under arrest. A search of Amos disclosed two marked $20.00 bills which were used to purchase the cocaine. It was also discovered that the truck belonged to this appellant.
Section 13A-12-211(a) reads as follows:
 "(a) A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance enumerated in schedules I through V."
Other than instructing the jury as to the elements of this statute, the trial judge also charged the jury on complicity,[1] stating that one could be found guilty for aiding and abetting another in committing the offense. The jury obviously placed *Page 300 
great weight on the latter instruction, for it returned and asked to be reinstructed on the same. Indeed, if the appellant's conviction is to stand, it must do so based on the theory of accomplice liability.
On the authority of Hill v. State, 348 So.2d 848
(Ala. Cr. App), writ denied, Ex parte State, 348 So.2d 857
(Ala. 1977), there is no doubt that this appellant could not be convicted for the sale of a controlled substance. In Hill, however, the appellant was indicted for the "sale" of drugs. In the present cause the indictment reads as follows:
 "The grand jury of said county charge that, before the finding of this indictment, ALLAN BURTON HAYWOOD, . . . did unlawfully sell, furnish, give away, manufacture, deliver or distribute a controlled substance. . . ."
This court stated in Hill that a finding of guilt as to distribution most likely could have been sustained, but the evidence failed to substantiate a conviction for selling drugs as alleged in the indictment.
In the cause sub judice, the indictment covered all the sections as set out in the statute, § 13A-12-211, Code of Alabama 1975, and the trial judge instructed the jury accordingly. As in Harrington v. State, 515 So.2d 53
(Ala.Cr.App. 1986), cert. quashed (Ala. 1987), the extra precautions taken by including all of the possibilities as set out in the statute satisfy the necessary requirements of law.
The appellant in the present case, by his actions, brought a willing seller and a willing buyer together. He communicated the buyer's desire to the seller and thus aided in the distribution of a controlled substance. Cf. Walker v. State,428 So.2d 139 (Ala.Cr.App. 1982), cert. denied (Ala. 1983) (" 'furnishes' means to provide or supply").
For the reasons stated, the decision of the trial court is due to be, and the same is hereby, affirmed.
AFFIRMED.
All the Judges concur.
[1] The appellant argues that the judge improperly instructed the jury on complicity. Our review of the record fails to reveal, however, that the appellant objected to the trial judge's charges to the jury. In fact, he stated that he was satisfied with the charge, even though the trial judge forewarned that he planned to charge the jury on complicity. Thus, this issue is deemed waived. A.R.Cr.P.Temp. 14; Reeves v. State,456 So.2d 1156, 1160 (Ala.Cr.App. 1984); Allen v. State, 414 So.2d 989,992 (Ala.Cr.App. 1981), aff'd, 414 So.2d 993
(Ala. 1982).