The appellant, Mickey Carson, was convicted of distributing cocaine, a violation of § 13A-12-211, Code of Alabama 1975. He was sentenced to 10 years in prison.
The only issue the appellant presents is whether the circuit court erred in not granting his motion for a judgment of acquittal, which he made at the conclusion of the state's case. The appellant contends that the evidence presented at trial was insufficient to support a conviction for distributing cocaine.
Although the appellant did not object to the sufficiency of the evidence at trial, the Court stated, "The Court will allow you to move for a judgment of acquittal and deny that motion, and allow you to assign grounds later." The appellant did not present grounds in support of his motion. To preserve an issue for appellate review of the denial of a motion for a judgment of acquittal, a defendant must state the grounds upon which his motion is based. Ex parte Maxwell, 439 So.2d 715, 717 (Ala. 1983). Thus, this issue is not preserved for appellate review. Indeed, the grounds he is now alleging did not exist. We find that the evidence was sufficient to support the verdict.
One violates § 13A-12-211 if "he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance."
The state's evidence tended to show that Paul Burch, an undercover officer with the Mobile County Street Enforcement Narcotics Team (MCSENT), went with "Bushwhacker," a man he had met on the street that night, to the appellant's house to buy crack cocaine. Bushwhacker went to the house to talk with the appellant while Burch observed from the car. Burch saw the appellant give Bushwhacker a white napkin. Bushwhacker carried the napkin, which contained a piece of crack cocaine, to Burch. Bushwhacker tried to convince Burch to buy $40.00 worth of the crack, but Burch insisted that he wanted only $20.00 worth. Bushwhacker broke off a piece of the crack, gave it to Burch, and took a $20 bill from him. Bushwhacker then returned the napkin with the remaining crack to the appellant.
 "When reviewing the sufficiency of the evidence, 'we must accept as true the evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution.' Faircloth v. State, 471 So.2d 485, 489 (Ala.Cr.App. 1984), aff'd 471 So.2d 493 (Ala. 1985)."
O'Neil v. State, 605 So.2d 1247, 1249 (Ala.Cr.App. 1992).
A person violates § 13A-12-211 if he "participates" in the sale of a controlled substance. Haywood v. State, 562 So.2d 297
(Ala.Cr.App. 1990). "To 'furnish' as it is stated in the above statute means to 'supply by any means, by sale or otherwise. . . .' " McGee v. State, 607 So.2d 344, 345 (Ala.Cr.App. 1992) quoting Mathis v. State, 594 So.2d 690, 692 (Ala.Cr.App. 1991). (Emphasis added.)
Based upon the facts recited above, there was sufficient evidence for the jury to find the appellant guilty of distributing cocaine.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 1253