TAYLOR, Judge.
The appellant, Theodore Spencer, was convicted of the unlawful distribution of a controlled substance in violation of § 13A-12-211, Code of Alabama 1975. He was sentenced to seven years in the penitentiary.
The state’s evidence tended to show that on February 3,1992, the appellant sold crack cocaine to Deputy Tommy Rives, an undercover narcotics officer with the Wilcox County Sheriffs Department. Deputy Rives testified he had been working in the Vredenburgh area of Wilcox County, attempting to buy drugs. He said that he approached the appellant on February 2, 1992, about buying drugs, but the appellant told him he did not have any. The next day, February 3, 1992, Deputy Rives asked the appellant again about buying drugs. The appellant told Rives to follow him. Rives testified that he followed the appellant for a while, and that the appellant then got into the car with Rives. Rives stated that they drove to Albert Kelsaw’s house, where the appellant told Kelsaw he “needed something.” Kelsaw told them to go down the road and wait. They drove to the designated place. Rives testified that approximately 15 to 20 minutes later Kelsaw drove up behind Rives’s car and stopped. Rives gave the appellant a $20 bill. The appellant walked back to Kelsaw’s ear, where he remained for two or three minutes, and then returned and told Rives that Kel-saw only had $30 rocks. Rives handed the appellant another $10, which the appellant took back to Kelsaw’s car. The appellant returned with a white crystal rock, which later proved to be crack cocaine. The appellant was arrested and charged with the unlawful distribution of a controlled substance.
The appellant raises two issues on appeal.
I
The appellant first contends that the trial court erred in denying his motion pursuant to Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), alleging that the state used its peremptory strikes in a racially discriminatory manner.
In Batson, the United States Supreme Court held that the Equal Protection Clause of the Fourteenth Amendment prohibits peremptory strikes based solely on race. Bat-son has been extended to white criminal defendants, Powers v. Ohio, 499 U.S. 400, 111 *1002 S.Ct. 1364, 113 L.Ed.2d 411 (1991), to defendants in civil cases, Edmonson v. Leesville Concrete Co., 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991), to strikes by defense counsel in criminal trials, Georgia v. McCollum, 505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992), and most recently, to gender-based strikes, J.E.B. v. Alabama, — U.S. —, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). The Alabama Supreme Court has also extended Batson to the striking of white venire-members. White Consolidated Industries, Inc. v. American Liberty Insurance Co., 617 So.2d 657 (Ala.1993).
After making a timely Batson motion, the moving party must establish a pri-ma facie case. Once a prima facie ease is established, the opposing party must offer a clear, specific and race-neutral reason for each strike. Batson. The state used seven out of its eight peremptory strikes to remove blacks. The appellant contends that the state improperly used three of its peremptory strikes to keep blacks off of the jury. In particular, the appellant challenges the striking of prospective jurors 55, 4, and 88. The state told the trial court that it struck prospective jurors 55 and 4 on the recommendation of Wilcox County Sheriff Prince Arnold. Sheriff Arnold told the prosecutor that these individuals had bad reputations in the community for crime and that both had been arrested on several occasions. Also, Arnold told the prosecutor that prospective juror number 88 had been arrested and charged with several crimes in New York. This court held that strikes based on similar recommendations from law enforcement officers did not violate Batson in Currin v. State, 535 So.2d 221 (Ala.Cr.App.), cert. denied, 535 So.2d 225 (Ala.1988). The Alabama Supreme Court recently held that a strike based on information on a prospective juror’s criminal history was race-neutral in Ex parte McNair, 653 So.2d 353 (Ala.1994). Furthermore, this court has repeatedly held that striking a juror with a criminal history does not violate Batson. See Jackson v. State, 549 So.2d 616 (Ala.Cr. App.1989); Powell v. State, 548 So.2d 590 (Ala.Cr.App.1988); Currin, supra; Nesbitt v. State, 531 So.2d 37 (Ala.Cr.App.1987).
Therefore, the appellant’s rights under the Equal Protection Clause of the Fourteenth Amendment were not violated by the state’s peremptory strikes of black jurors.
II
The appellant next contends that the trial court erred in denying his motion for a judgment of acquittal.
“In determining whether there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, we must accept as true the evidence introduced by the state, accord the state all legitimate inferences therefrom, and view the evidence in the light most favorable to the prosecution. McMillian v. State, 594 So.2d 1253 (Ala.Cr.App.1991); Faircloth v. State, 471 So.2d 485 (Ala.Cr.App.1984), aff'd, 471 So.2d 493 (Ala.1985); Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979).”
Underwood v. State, 646 So.2d 692, 695 (Ala. Cr.App.1993).
The appellant was convicted of the unlawful distribution of a controlled substance in violation of § 13A-12-211, Code of Alabama 1975. This section states, in pertinent part:
“(a) A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance enumerated in schedules I through V.”
The appellant contends that the state failed to prove intent because, he says, he did not solicit the sale, supply the drugs, or make any money from the sale. “A person violates § 13A-12-211 if he ‘participates’ in the sale of a controlled substance.” Carson v. State, 610 So.2d 1251, 1252 (Ala.Cr. App.1992). “Furnish,” as it used in § 13A-12-211, means to “supply by any means, by sale or otherwise.” Carson, 610 So.2d at 1252. The state has to prove only that the appellant “engaged in proscribed activity in connection with an actual controlled substance.” Rose v. State, 598 So.2d 1040, 1043 (Ala.Cr.App.1992). The state presented sufficient evidence through Deputy Rives’s testimony for the jury to find that the appellant *1003 participated in activity proscribed by § 13A-12-211. We will not substitute our judgment for that of the jury. Owens v. State, 597 So.2d 734, 737 (Ala.Cr.App.1992).
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.