h GRISBAUM, Judge.
In this matter, the Parish of Jefferson and Zoning Appeals Board (“the Board”) appeal a lower court decision requiring the Jefferson Parish Inspection and Code Enforcement Division (“Inspection and Code Enforcement Division”) to issue a permit to the plaintiff-appellee, River Birch, Incorporated (“River Birch”), for the construction of a landfill. We set aside and vacate with an order. ISSUE
The threshold question presented is whether the trial court erred by failing to apply Section XVII 2(L) of the Jefferson Parish Comprehensive Zoning Ordinance under U-l, Unrestricted Districts, to this landfill permit request.

FACTS AND PROCEDURAL HISTORY

On January 5, 1995, River Birch requested the Inspection and Code Enforcement Division to issue a Certificate of Use or Occupancy for the laconstruction of a landfill. The next day, January 6,1995, the Inspection and Code Enforcement Division responded by letter to River Birch’s permit request, informing River Birch that a permit for the landfill described in its letter would require approval by the Jefferson Parish Council (“the Council”), and, further, that the application for approval must be initiated with the Jefferson Parish Planning Department. On January 30,1995, River Birch filed an appeal with the Board. The Board upheld the decision of the Inspection and Code Enforcement Division that a landfill operation in a U-l Zoning District required the approval of the Council. Finally, in March 1995, River Birch filed a Petition for Writ of Mandamus in the lower court, seeking an Order directing the Inspection and Code Enforcement Division to issue the permit in question. The parties stipulated to the facts and exhibits submitted to the lower court. The trial court entered a judgment directing the permit in question be issued. From this decision, the Parish of Jefferson and the Board now appeals. ANALYSIS
We see that Jefferson Parish Comprehensive Zoning Ordinance § XVII 2(A)-(N) clearly states the regulations list uses of property in U-l district which “shall be permitted only with the approval of the Jefferson Parish Council.” Specifically, Zoning Ordinance § XVII 2(L) requires the approval of the Council for “all uses which may be offensive or obnoxious by reason of emission of odor, dust, smoke, gas, excessive glare, light or noise or vibration.” In Palermo Land Co. v. Planning Comm’n, 561 So.2d 482 (La.1990), the Louisiana Supreme Court, in a footnote, noted that “‘it does not take an expert to establish that garbage has an unpleasant odor.’ ” Id. at 495 (citing Cosmopolitan Nat’l Bank v. County of Cook, 103 Ill.2d 302, 82 Ill.Dec. 649, 655, 469 N.E.2d 183, 189 (1984)).
|oWe also note the trial judge, in his Reasons for Judgment, stated that the exclusion of Zoning Ordinance § XVII 2(L) was not *7 applicable to this facility. However, we see nothing in the record that supports his alleged factual finding. Ergo, we disagree.
River Birch argued below that the regulations under Zoning Ordinance § XVI, M-2 Industrial Districts were more stringent and should apply. Even if these regulations are used, § XVI 2(A) states clearly that land zoned M-2 may be permitted for “[a]ll uses not otherwise prohibited by Law except for those shown as permitted in Section XVII Subsection 2-” (Emphasis added). Consequently, it makes no difference whether the regulations for property zoned as Industrial or the regulations for property zoned as Unrestricted are used. The result is the same. That is, approval of the Council is required because, on its face, a landfill may be offensive or obnoxious because of the emission of odors. Ergo, this Court finds the lower court erred in not upholding the decision of the Board, which required River Birch to get the approval of the Council for its permit.
For the reasons assigned, the trial court’s judgment is hereby set aside and vacated. Additionally, we hereby reinstate the Board’s February 20, 1995 order. All costs of this appeal are to be paid by the appellee.

SET ASIDE AND VACATED; ORDER REINSTATED