[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1247 
The appellant, Marcus Victor Clay, was indicted on February 10, 1995, for the unlawful distribution of a controlled substance, specifically cocaine, a violation of § 13A-12-211, Code of Alabama 1975. The indictment stemmed from an incident that occurred on August 4, 1994, in Birmingham. The evidence tended to show the following: On August 4, 1994, two female undercover police officers drove up to the appellant and another black male who were standing on the sidewalk. One of the officers asked the appellant, "Can we get straight?"[1] The appellant asked the undercover officers if they were police officers; when they told him that they were not, he and the other male got into the officers' car and directed the officers to drive to a pool hall several blocks away. When they pulled up to the pool hall, one of the undercover officers gave the appellant a marked $10 bill and then the appellant went into the pool hall alone. The appellant testified that once he was in the pool hall he placed the $10 bill into the pocket of a pool table and proceeded to the bathroom to pretend to wash his hands. He further testified that when he returned to the pool table he found the cocaine in the pocket instead of the $10 bill. He knew that this was the procedure for obtaining cocaine at this location. In less than two minutes after the appellant went into the pool hall, according to the testimony of the two undercover officers, the appellant emerged from the pool hall. At that point he got back in the car and gave one of the undercover officers a small clear envelope containing $10 worth of crack cocaine. As the car left the area of the pool hall, a marked police car that had been monitoring the undercover officers' car via a hidden transmitter stopped the car. The appellant was searched and arrested. The $10 bill was not recovered.
Following a jury trial, the appellant was convicted of the unlawful distribution of a controlled substance and on September 22, 1995, he was sentenced to two years in prison *Page 1248 
plus an additional five years pursuant to § 13A-12-250 and an additional five years pursuant to § 13A-12-270. Section13A-12-250 requires enhancement for the sale of a controlled substance within three miles of a school; § 13A-12-270 requires enhancement for a sale within three miles of a public housing project. The 2-year sentence was suspended, and he was ordered to serve 10 years.
The appellant raises eight issues: (1) Whether the trial court erred when it denied the appellant's motion for a judgment of acquittal based on the allegation that the evidence was insufficient to prove the appellant's intent to distribute; (2) whether the trial court erred when it denied the appellant's motion for a judgment of acquittal based on the allegation that the evidence was insufficient to prove distribution; (3) whether the trial court erred when it failed to recharge the jury on entrapment during its deliberations when it asked specifically for clarification of other instructions; (4) whether the trial court erred in applying the two five-year sentence enhancement provisions; (5) whether the trial court erred by allegedly interfering with the appellant's cross-examination of the state's witnesses; (6) whether the trial court erred when it failed to suppress evidence of the appellant's statements to the undercover officers because the statements were given without the prerequisite warnings alleged by the appellant to be required by Miranda v. Arizona,384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); (7) whether the trial court abused its discretion in allowing the state, on redirect, to introduce new evidence that was allegedly beyond the scope of the cross-examination; and (8) whether the appellant was entrapped.
The state requests that we remand the case to the trial court because the trial court failed to impose a fine as mandated by § 13A-12-281.
 I. II.
The appellant contends that the state has failed to prove that he violated § 13A-12-211 because, he argues, there was not sufficient evidence to show that he had the intent to distribute cocaine and that he in fact distributed it. He contends that the trial court erred in denying his motion for a judgment of acquittal at the close of the state's case-in-chief. We disagree. Section 13A-12-211 states: "A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance enumerated in Schedules I through V."
 "The appellant contends that the state failed to prove intent because, he says, he did not solicit the sale, supply the drugs, or make any money from the sale. 'A person violates § 13A-12-211 if he "participates" in the sale of a controlled substance.' Carson v. State, 610 So.2d 1251, 1252
(Ala.Cr.App. 1992). 'Furnish,' as it used in § 13A-12-211, means to 'supply by any means, by sale or otherwise.' Carson, 610 So.2d at 1252. The state has to prove only that the appellant 'engaged in proscribed activity in connection with an actual controlled substance.' Rose v. State, 598 So.2d 1040, 1043 (Ala.Cr.App. 1992)."
Spencer v. State, 659 So.2d 1000, 1002 (Ala.Cr.App. 1994). In this case, the jury heard evidence that the appellant obtained $10 worth of cocaine and delivered it to an undercover officer. If the jury believed this evidence, it was sufficient to convict the appellant of violating § 13A-12-211.
 " 'The jury is the judge of the facts, the demeanor of the witnesses, and their testimony.' Finch v. State, 445 So.2d 964, 966 (Ala.Cr.App. 1983). In a challenge of the sufficiency of the evidence, an appellate court must consider the evidence in the light most favorable to the prosecution, and the appellate court will not substitute its judgment for that of the trier of fact. Brandon v. State, 542 So.2d 1316 (Ala.Cr.App. 1989). Therefore, when the evidence raises questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion for judgment of acquittal does not constitute error. Young v. State, 283 Ala. 676, 220 So.2d 843 (1969)."
Maddox v. State, 620 So.2d 132, 133-34 (Ala.Cr.App. 1993). Clearly, the trial court was *Page 1249 
not in error when it denied the appellant's motion for judgment of acquittal.
 III.
The appellant's next contention is that the trial court erred by not recharging the jury on the entrapment defense when the jury asked for clarification of other issues during its deliberations.
The record shows that the jury asked for clarification of three areas during its deliberations: (1) "Is distribution the only charge for the defendant which is different from the docket that we heard in court on yesterday?";[2] (2) "We would also like the definition of 'distribution' "; and (3) "Where does intent play in the verdict?" The trial court brought the jury back into the courtroom to answer these questions. After the trial court ascertained the exact nature of the questions, it answered those questions, apparently to the jury's satisfaction. The appellant then requested that the trial court also recharge the jury on the entrapment defense. The trial court noted that the jury had not questioned the previously given entrapment instruction and then refused to recharge on entrapment. The appellant objected. We find this objection to be without merit. A trial court is required to answer only relevant questions put to it by the jury during deliberations. It may, in its discretion, give more information than the jury requests, but it is not required to do so. In this case, because the jury did not ask about the entrapment defense, the trial court could assume that the jury did not need a clarifying instruction on that previously given charge. SeeDavis v. State, 440 So.2d 1191, 1195 (Ala.Cr.App. 1983), cert. denied, 465 U.S. 1083, 104 S.Ct. 1452, 79 L.Ed.2d 770 (1984);Brazell v. State, 423 So.2d 323, 326-27 (Ala.Cr.App. 1982). It was not error to answer only the questions asked by the jury.
 IV.
The appellant's next contention is that the trial court erred in enhancing the appellant's sentence by applying the enhancement provisions of § 13A-12-250 and § 13A-12-270. Specifically, the appellant contends that those statutes apply only if a defendant is guilty of a sale of a controlled substance and that the facts of this case, even if sufficient to establish "distribution," do not establish a "sale."
In Ex parte Mutrie, 658 So.2d 347, 350 (Ala. 1993), the Alabama Supreme Court stated:
 "In Hill v. State, 348 So.2d 848, 855
(Ala.Cr.App.), cert. denied, 348 So.2d 857 (Ala. 1977), the Court of Criminal Appeals held that a defendant cannot be convicted of 'selling' marijuana 'if his conduct, according to the undisputed evidence, does not afford a reasonable inference that he participated with the seller in making the sale.' The fact that the defendant acted as the buyer's agent is not a defense to an indictment under § 13A-12-211 charging the defendant with unlawfully selling, furnishing, giving away, manufacturing, delivering, or distributing a controlled substance. Although the defendant who acts as a procuring agent may not be liable for a 'sale,' such conduct clearly would support a finding that the defendant violated § 13A-12-211, prohibiting the distribution of a controlled substance, which includes delivering and furnishing. See Harrington v. State, 515 So.2d 53, 54 (Ala.Cr.App. 1986) (holding that defendant, who had acted as buyer's agent, had unlawfully 'furnished' a controlled substance). Because prior caselaw has established that a defendant who acts as the buyer's agent (also known as a 'procuring agent') is not guilty of unlawfully 'selling' a controlled substance, and because the clear language of §§ 13A-12-250 and -270 applies only to convictions for unlawful 'sale,' a conviction for unlawful distribution is enhanceable only if the defendant's activity constituted a sale, and not if the defendant acted as the agent of the buyer.
 "Therefore, we hold that §§ 13A-12-250 and -270, prescribing a five-year enhancement of sentences for persons convicted of an unlawful sale of a controlled substance within three miles of a school and within three miles of a housing project, do not *Page 1250 
apply to convictions for 'distribution' of a controlled substance, in violation of § 13A-12-211, unless the defendant is found to have sold, or to have collaborated or associated with the seller to sell, a controlled substance."
While the issue of agency is irrelevant in this case in determining whether the appellant is guilty of unlawful distribution, as that offense is defined at § 13A-12-211, agency is crucial to determining whether the appellant sold the crack cocaine to the undercover officer for purposes of the enhancement provisions of §§ 13A-12-250 and -270.
In reviewing the undisputed evidence of this case under the principles enunciated in Hill, we cannot conclude from the record that the appellant "sold, or . . . collaborated or associated with the seller to sell" the cocaine. The testimony offers no evidence that the appellant and the seller "acted in concert with a community of purpose in arranging and consummating the illegal sale," Snider v. State,406 So.2d 1008, 1012 (Ala.Cr.App.), cert. denied, 406 So.2d 1015 (Ala. 1981); or that the appellant "participated in some way with the seller in making the sale," id.; or that the appellant profited in any way from the sale. In fact, there was no indication that the appellant ever even communicated with the person from whom he purchased the cocaine.
In contrast to the lack of evidence supporting the theory that the appellant acted on behalf of the seller is the following testimony of one of the undercover agents:
 "Q. Do you have an opinion as to why these two men were going with you to buy crack cocaine?
"A. Because we asked them could we get straight.
 "Q. So they were simply providing this as an accommodation to you?
"A. That was my opinion, yes.
"Q. And no other purpose whatsoever?
"A. No."
Under similar crucial facts, the court in Harrington v.State, 515 So.2d 53 (Ala.Cr.App. 1986), held that the evidence did not establish that the appellant was guilty of a sale. See also Posey v. State, 507 P.2d 576 (Okla.Cr.App. 1973), discussed in Hill, 348 So.2d at 853-54. The appellant's hope that, by getting the female undercover agents high, he and his companion would end up having sex with them more naturally links him to the buyers as their agent. See Hill, 348 So.2d at 856 ("We do not think that defendant's inquiry of the officer as to what was in it for him and his acceptance of five dollars from the officer after the sale was made linked him with the seller; it more naturally linked him with the buyer.").
Because the evidence does not support the conclusion that the appellant sold the crack cocaine, this case must be remanded for resentencing without the application of the enhancement provisions of §§ 13A-12-250 and -270.
The appellant also contends that enhancement for a sale can rest only on a jury's finding that the defendant sold a controlled substance. While this question is rendered moot by our holding above, we point out that, in Pettway v. State,624 So.2d 696, 698-99 (Ala.Cr.App.), cert. denied, 624 So.2d 700
(Ala. 1993), the court held that § 13A-12-250 and § 13A-12-270
are properly applied by the trial court rather than by the jury.
 V.
The appellant's next contention is that he was denied his constitutional right to a full and sifting cross-examination of the state's witnesses because, he alleges, the trial court constantly interrupted his cross-examination. The state argues in its brief on appeal that the appellant never objected at trial to the trial court's manner of overseeing the appellant's cross-examination of the state's witnesses. We must agree. The appellant has failed to preserve this issue for our review. "This court is appellate only . . . [and] cannot consider matters on appeal that have not first been presented to trial court for its determination." Scott v. State, 627 So.2d 1131,1132 (Ala.Cr.App. 1993) (citations omitted). "Even constitutional issues must first be correctly raised in the trial court before they will be considered on appeal. Cagle v.State, 504 So.2d 1225 (Ala.Cr.App. 1987)." Hansen v. State,598 So.2d 1, 2 (Ala.Cr.App. 1991). *Page 1251 
 VI.
The appellant's next contention is that the trial court erred by not suppressing statements he made to the undercover officers during the drug transaction because those statements were made without Miranda warnings. The appellant contends that he was entitled to a hearing on his motion to suppress evidence of the statement. The record, however, shows that he orally withdrew his request for a hearing on his motion to suppress and that he was content to have the trial court's adverse ruling in the record.
 "The Court: . . . I believe there was a suppression motion pending here, wasn't there?
". . . .
"The Court: Have we heard it?
"Ms. Miles [prosecutor]: No, sir.
"Mr. Loomis [defense counsel]: No, sir.
"The Court: Where are your witnesses?
". . . .
 "Ms. Miles: . . . I thought that he had waived his motion.
 "The Court: No. No. No. No. He hasn't waived it. I told him at the beginning of the trial that we would hear it before the close of this trial. You need to bring her back in here.
"Ms. Miles: Which one?
". . . .
 "Ms. Miles: I don't know what Mr. Loomis is moving to suppress.
 "Mr. Loomis: Your honor, we would simply state that we object to the use of the defendant's speech, his statements to the officers at a time prior to his being read his rights and advised of his — the fact that he was speaking to police officers. And the fact that they used that evidence against him prior to his being aware of the context, and so forth, we object to that.
 "The Court: All right. So, really and truly we don't need her.
 "Mr. Loomis: I don't believe we need a hearing —
"The Court: That's what I said.
 "Mr. Loomis: — but we want it on the record that we're objecting to the use of his statements by officers to them at a time when he was not informed of his rights and the fact that they were officers."
Clearly, the appellant withdrew his request for a hearing.
As to whether the appellant was entitled to have his motion to suppress granted, we hold that the trial court did not err when it denied his motion to suppress. Miranda warnings are not required unless a suspect is under arrest or in custody. Hooksv. State, 534 So.2d 329, 347 (Ala.Cr.App.), aff'd,534 So.2d 371 (Ala. 1988). The appellant's trust in the undercover officers, although misplaced, does not give the appellant the right to have his statements to those officers suppressed.Bridges v. State, 516 So.2d 895, 902 (Ala.Cr.App. 1987). At the time the appellant spoke to the undercover officers he was not in custody or under arrest; the statements were properly admitted at trial.
 VII.
The appellant next contends that the trial court abused its discretion in allowing the state, on redirect, to introduce new evidence that was allegedly beyond the scope of cross-examination. The appellant specifically objected to the undercover officer's opening of the evidence envelope, which had previously been introduced during the officer's direct examination. This argument is without merit. "It is within the discretion of the trial court to allow redirect examination on matters which may have been, but were not, brought out on direct examination." Harrington v. State, 515 So.2d at 54. This envelope clearly could have been opened on direct examination to reveal the clear plastic bag inside; therefore it was not an abuse of the trial court's discretion to allow it to be opened on redirect.
 VIII.
The appellant's next contention is that he was entrapped. This issue has not been preserved for our review. However, even if the issue had been preserved, the argument would fail. The appellant bases his entrapment defense on the theory that he *Page 1252 
was enticed into obtaining the drug by the alleged lure of the prospect of sex with the two undercover officers. There was no evidence that he was promised sex by the officers in exchange for cocaine or that the officers' behavior even intimated such a hope. His theory rests solely upon his alleged subjective impression at the time that if he obtained the cocaine for the undercover officers they might have sex with him and his companion. We note that the trial court instructed the jury on the defense of entrapment and that the appellant did not object to the jury instruction.
 "When a defendant raises an entrapment defense, he must initially come forward with evidence that the governmental conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it. Pierce v. United States, 414 F.2d 163, 168 (5th Cir.), cert. denied, 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425 (1969). Once the defendant has carried this burden, the prosecution must prove beyond a reasonable doubt that the defendant was predisposed to commit the crime charged. United States v. Gomez-Rojas, 507 F.2d 1213 (5th Cir.), cert. denied, 423 U.S. 826, 96 S.Ct. 41, 46 L.Ed.2d 42
(1975).
 "Consequently, the focal point of inquiry in entrapment cases is the predisposition of the defendant. United States v. Webster, 649 F.2d 346, 348 (5th Cir. 1981). Being 'predisposed' means being 'presently ready and willing to commit the crime,' and it has been further held:
 " '[T]he predisposition which must be shown by the prosecution is a "state of mind which readily responds to the opportunity furnished by the officer or his agent to commit the forbidden act for which the accused is charged." . . . [P]redisposition is, by definition, "the defendant's state of mind and inclinations before his initial exposure to government agents." '
 "Chillous [v. State], 441 So.2d [1055] at 1057 [(Ala.Cr.App. 1983)] (quoting United States v. Burkley, 591 F.2d 903 (D.C. Cir. 1978), cert. denied, 440 U.S. 966, 99 S.Ct. 1516, 59 L.Ed.2d 782
(1979), and United States v. Kaminski, 703 F.2d 1004, 1008 (7th Cir. 1983))."
Lambeth v. State, 562 So.2d 575, 578 (Ala. 1990). "Clearly, one way of proving predisposition is to show that the defendant responded affirmatively to less than compelling inducement by the government agent. The limited character of the participation in the crime by the agent may convince the jury of predisposition on the part of the defendant." United Statesv. Burkley, 591 F.2d 903, 916 (D.C. Cir. 1978), cert. denied,440 U.S. 966, 99 S.Ct. 1516, 59 L.Ed.2d 782 (1979). In this case, once the appellant incorrectly ascertained that the women were not police officers, he immediately took the undercover officers directly to the pool hall and furnished them the cocaine. This was strong evidence of his predisposition to "distribute."
Furthermore, the issue of entrapment is a jury question. SeeTyson v. State, 361 So.2d 1182, 1186-87 (Ala.Cr.App. 1978). The jury in this case returned a guilty verdict; because it was its decision whether to disbelieve the entrapment defense, we will not as a matter of law reverse the jury in the absence of evidence more compelling than that presented by the appellant.
This case is remanded pursuant to our discussion in Part IV of this opinion. In resentencing, the trial court is to follow the mandate of § 13A-12-281(a), which provides:
 "In addition to any disposition and fine authorized by Section[ ] . . . 13A-12-211 . . ., every person convicted of . . . a violation of any offense defined in the section[ ] set forth above, shall be assessed for each such offense an additional penalty fixed at $1000 for first offenders and $2000 for second and subsequent offenders."
(Emphasis added.) See Pierson v. State, 677 So.2d 246 (Ala. 1995) (assessment provision is mandatory, not permissive). The trial court is to take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.* *Page 1253 
McMILLAN, and COBB, JJ., concur.
TAYLOR, P.J., dissents.
LONG, J., joins in the dissent.
[1] The police officer testified that "get straight" is a slang term for securing crack cocaine.
[2] The trial judge interpreted this question to be referring to the indictment and not the docket.
* Note from the Reporter of Decisions: On November 22, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion.