[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11323
Non-Argument Calendar

_____

D.C. Docket Nos. 3:16-cv-00351-WKW-WC; 3:12-cr-00017-WKW-WC-1


SHEDRICK D. HOLLIS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 6, 2020)

Before WILLIAM PRYOR, BRANCH and LUCK, Circuit Judges.

PER CURIAM:

Shedrick Hollis, a federal prisoner serving a sentence of 420 months of

imprisonment for possession with intent to distribute controlled substances, 21

U.S.C. § 841(a)(1), possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A), and possessing a firearm as a convicted felon, *id.* §§ 922(g)(1), 924(e), appeals *pro se* the denial of his motion to vacate, 28 U.S.C. § 2255. This Court granted a certificate of appealability on the issue whether trial and appellate counsel were ineffective for failing to argue that Hollis's two prior convictions for distributing cocaine, Ala. Code § 13A-12-211, and one prior conviction for trafficking in cocaine, O.C.G.A. § 16-13-31, could not serve as predicate controlled substances offenses for the career-offender provision of the Sentencing Guidelines, U.S.S.G. § 4B1.1(a), or as predicate serious drug offenses under the Armed Career Criminal Act, 18 U.S.C. § 924 (e)(2)(A)(ii). We affirm.

In an appeal of a denial of a motion to vacate, we review legal conclusions *de novo* and factual findings for clear error. *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014).

To prevail on a claim for ineffective assistance of counsel, a movant must prove that counsel's performance was deficient and that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* To establish deficient performance, a movant must prove "that no competent counsel would have taken the action that . . . counsel did take." *United*

2

*States v. Freixas*, 332 F.3d 1314, 1319–20 (11th Cir. 2003) (quotation marks

omitted).

A conviction under section 922(g)(1) ordinarily carries no mandatory-

minimum penalty and a maximum sentence of ten years of imprisonment. 18

U.S.C. § 924(a)(2). But the Armed Career Criminal Act mandates a minimum

sentence of 15 years of imprisonment when the defendant has three prior

convictions for either violent felonies or serious drug offenses. *Id.* § 924(e)(1). A

"serious drug offense" includes "an offense under State law, involving

manufacturing, distributing, or possessing with intent to manufacture or distribute,

a controlled substance . . . for which a maximum term of imprisonment of ten years

or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii). The distribution need not

involve an exchange for value. *United States v. Bynum*, 669 F.3d 880, 887 (8th Cir.

2012). And we have interpreted the word "involving" broadly in this context. *See*

*United States v. White*, 837 F.3d 1225, 1235(11th Cir. 2016).

The Sentencing Guidelines classify a defendant convicted of a crime of

violence or a controlled substance offense as a career offender if he was 18-years

old when he committed the offense and had at least two prior felony convictions of

a crime of violence or controlled substance offense. U.S.S.G. § 4B1.1(a). Under

the Guidelines, a "controlled substance offense" is "an offense under federal or

state law . . . that prohibits the manufacture, import, export, distribution, or

3

dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.1, comment. (n.1); U.S.S.G. § 4B1.2(b).

We use the categorical approach to determine whether a state conviction qualifies as a predicate serious drug offense under the Act or as a predicate controlled substance offense under the Guidelines. *Shular v. United States*, 140 S. Ct. 779, 783 (2020). Under this approach, we consider only the fact of the prior conviction and the elements of the offense, not the particular facts of the defendant's crime. *See White*, 837 F.3d at 1229 (holding that a defendant's prior convictions under Alabama statutes prohibiting possession of marijuana for "other than personal use" and cocaine trafficking, including being in possession of 28 grams or more of cocaine, qualified as serious drug offenses under Act). If the state prior conviction has the same elements as the federal definition, then it categorically qualifies as a predicate offense. *Descamps v. United States*, 570 U.S. 254, 260–61 (2013); *United States v. Smith*, 775 F.3d 1262, 1267 (11th Cir. 2014); *see also Shular*, 140 S. Ct. at 785–77 (holding that the conduct specified in the statutory definition of serious drug offense, not a comparison to a generic offense, provides the basis for determining whether a prior state conviction qualifies as a predicate offense). For a state drug offense to qualify as a predicate offense under the career-offender guideline, the language of the statute need not match the

4

Guidelines definition exactly. *United States v. Madera-Madera*, 333 F.3d 1228, 1233 (11th Cir. 2003).

Hollis cannot prove that his counsel rendered ineffective assistance. Hollis's prior convictions in Alabama categorically qualify as predicate offenses under both the Act and the career-offender provision of the Guidelines, and his prior conviction in Georgia qualifies as a predicate offense under the Act.

Hollis's prior convictions under Alabama law satisfy the federal definitions of both "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law," 18 U.S.C. § 924(e)(2)(A)(ii), and "an offense under federal or state law . . . that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense," U.S.S.G. § 4B1.1, comment. (n.1); U.S.S.G. § 4B1.2(b). Under Alabama law, a person commits the crime of unlawful distribution of a controlled substance if he "sells, furnishes, gives away, delivers, or distributes a controlled substance." Ala. Code § 13A-12-211(a). That offense is a class B felony punishable by up to 20 years of imprisonment. *Id.* §§ 13A-5-6(a)(2), 13A-12-211(b). "Distribution of cocaine includes selling, furnishing, or delivering cocaine." *Hemphill v. State*, 669 So. 2d

5

1020, 1022 (Ala. Crim App. 1992); *see also Carson v. State*, 610 So. 2d 1251, 1252 (Ala. Crim. App. 1992) ("A person violates § 13A-12-211 if he participates in the sale of a controlled substance.").

Hollis's prior conviction under Georgia law also qualifies as a predicate offense under the Act. Under Georgia law, anyone who "sells, manufactures, delivers, or brings into [Georgia] or who is in possession of 28 grams or more of cocaine" commits trafficking in cocaine. O.C.G.A. § 16-13-31(a)(1). The mandatory minimum penalty for trafficking in cocaine ranges from 10 to 25 years of imprisonment depending on the quantity involved. *Id.* In *Madera-Madera*, we concluded that trafficking by possessing more than 28 grams of methamphetamine qualified as a "drug trafficking offense" under section 2L1.2(b)(1)(A)(i) of the Guidelines. 333 F.3d at 1233–34. We reasoned, "In making possession of 28 grams of methamphetamine a 'trafficking' offense, Georgia's trafficking statute necessarily infers an intent to distribute once a defendant possesses a certain amount of drugs." *Id.* at 1232. And in *White*, we adopted the reasoning in *Madera-Madera* when considering whether a violation of a similar trafficking statute, Ala. Code § 13A-12-231(2), which prohibited possession of 28 grams or more of cocaine and did not include as an element the intent to manufacture or distribute, qualified as a serious drug offense under the Act. 837 F.3d at 1232–34. We ruled

6

that serious drug offenses include state offenses that use possession of a specified amount of a drug to infer intent. *Id.*

The district court did not err. Hollis's counsel did not perform deficiently by failing to raise a meritless objection. We affirm the denial of Hollis's motion to vacate.[1]

**AFFIRMED.**

---

[1] We grant Hollis's motion for leave to file an out-of-time reply brief.