[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-14688

Non-Argument Calendar

_____

MELCHOR MUNOZ,

                                        Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket Nos. 4:18-cv-00489-RH-MAF,
4:11-cr-00037-RH-MAF-2

_____

Before WILLIAM PRYOR, Chief Judge, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Our previous opinion in this appeal issued on October 12, 2021. The Court *sua sponte* vacates that opinion and substitutes the following opinion in its place.

Melchor Munoz, a federal prisoner, appeals the denial of his motion to vacate his sentence. 28 U.S.C. § 2255. Munoz, a naturalized citizen, argues that his trial counsel was ineffective for advising him that he "could," instead of that he "would," have his citizenship revoked for failing to disclose his drug crimes in his application for naturalization. We affirm the denial of Munoz's motion.

Munoz illegally entered the United States from Mexico in 1992 and, after becoming a legal resident in 2004, began trafficking drugs. In 2011, Munoz was indicted for conspiring to distribute five or more kilograms of cocaine and 100 or more kilograms of marijuana between June 1, 2008, and May 30, 2011. 21 U.S.C. §§ 841(a)(1), 846. In his written agreement with the government, Munoz acknowledged that his plea of guilty "specifically excludes and does not bind any other state or federal agency, including other United States Attorneys . . . from asserting any civil, criminal, or administrative claim against [him]." Munoz also acknowledged "that [his] conviction may adversely affect [his] immigration status and may lead to revocation of his citizenship and deportation."

During Munoz's change of plea hearing, the prosecutor highlighted that Munoz "is a nationalized citizen of the United States, originally from Mexico" and "[t]he law provides that, if someone was engaged in criminal activity and thus not of good moral character as they professed when becoming a citizen, that that citizen is subject to revocation." The prosecutor stated that "one of the potential consequences of [the] plea of guilty is that the government may seek to revoke Mr. Munoz's citizenship and have him deported at the conclusion of his sentence" and that "[t]he decision has not been made whether or not to do that, but that is a possibility in this case." The district court asked whether it "need[ed] to talk to Mr. Munoz about that" and defense counsel responded "that was in the plea agreement. It was reviewed in detail and discussed with my client." Nevertheless, the district court told Munoz that his plea of guilty "could have an effect on your citizenship status," but the district court "[did]n't know that it will" or whether "it won't." The district court asked Munoz whether "anybody made any promises to [him] one way or the other . . . about whether or not this will affect your citizenship status," and Munoz responded, "no." And when the district court asked Munoz if he was "pleading guilty because [he is], in fact, guilty of this charge," he replied, "Yeah, I'm guilty."

In 2012, the district court sentenced Munoz to 188 months of imprisonment. Munoz did not appeal. In 2016, Munoz succeeded in having his sentence reduced to 151 months of imprisonment. *See* 18 U.S.C. § 3582(c)(2).

4                    Opinion of the Court                    20-14688

In 2018, Munoz moved to vacate his conviction. He argued that his trial counsel was ineffective for misrepresenting what effect his conviction would have on his U.S. citizenship. Munoz attached to his motion affidavits from his trial counsel stating that his advice was consistent with what he was told in his plea agreement and by the district court and from his postconviction counsel stating that Munoz "was not properly advised of the immediate immigration consequences of his plea." Munoz also submitted a copy of a complaint filed in July 2018 to revoke his United States citizenship for participating in a conspiracy to traffic drugs and filing an application for naturalization that falsely denied involvement in any criminal activities. *See* 8 U.S.C. § 1451(a).

The government opposed Munoz's motion as untimely and, in the alternative, as without merit. The government argued that Munoz failed to exercise due diligence to challenge his conviction when he knew of the potential effect his guilty plea would have on his status as a U.S. citizen before his change of plea hearing. *See* 28 U.S.C. § 2255(f)(1). The government also argued that Munoz was dilatory in filing his postconviction motion more than a year after the Department of Justice mailed him a letter dated September 25, 2017, when his immigration lawyer responded to the letter on October 26, 2017. *See id.* § 2255(f)(4). Alternatively, the government argued that Munoz's counsel did not perform deficiently by misjudging the immigration consequences of his guilty plea and that Munoz suffered no prejudice given that he submitted no evidence

that he had pleaded guilty to retain his citizenship and overwhelming evidence supported his conviction.

The government attached to its response the letter that the Department sent Munoz. The letter warned that the Department "plan[ned] to bring denaturalization proceedings against [Munoz] to revoke your United States citizenship." The letter stated that Munoz had "illegally obtained . . . citizenship" by "engag[ing] in . . . [a] conspiracy to distribute and possess cocaine and marijuana . . . during the period in which Congress required you to have good moral character" and by "conceal[ing] and misrepresent[ing] your criminal misconduct during the naturalization process." The letter explained that Munoz's "Application for Naturalization (Form N-400), [falsely] attest[ed] that [he] had not knowingly committed any crime for which [he] had not been arrested, and that [he] never sold or smuggled controlled substances, illegal drugs, or narcotics" and that, during his interview "on July 6, 2009," he "affirmed . . . [those false] answers." The letter offered to "explore the possibility of settlement prior to filing proceedings against [Munoz]," but it was "not negotiable" that "any settlement must, at a minimum, include that [he] give up . . . [his] United States citizenship."

The government also submitted correspondence that Munoz's immigration attorney sent the Department. In a letter dated October 26, 2017, Munoz's immigration attorney stated his firm is "now the attorney of record and request[ed] any further matters [be] forwarded to our attention."

A magistrate judge recommended that the district court deny Munoz's motion as untimely, but the district court denied the motion on the merits. The district court ruled that Munoz could not prove trial counsel performed deficiently because he provided accurate advice that loss of citizenship was a possibility but not a certainty. The district court determined that counsel's advice was accurate because the government exercised some discretion in revoking citizenship for a drug crime and because Munoz admitted specifically to wrongdoing in 2011, but not in the five years before he applied for citizenship. The district court ruled that reasonable jurists could disagree about its decision and granted Munoz a certificate of appealability.

The decision to deny Munoz's claim of ineffectiveness of trial counsel is subject to plenary review. We review findings of fact for clear error and the application of the law to those facts *de novo*. *Hollis v. United States*, 958 F.3d 1120, 1122 (11th Cir. 2020). "Regardless of the ground stated in the district court's order or judgment, we may affirm on any ground supported by the record." *Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017) (internal quotation marks omitted and alteration adopted).

A federal prisoner has one year from the latest of four specified events to file a postconviction motion seeking relief from his sentence. 28 U.S.C. § 2255(f). The one-year period commences, for purposes of this appeal, on either "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered

through the exercise of due diligence." *Id.* § 2255(f)(1), (4). Due diligence required Munoz "to make reasonable efforts" to discover the facts supporting his claim for relief. *See Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002).

Munoz's motion to vacate is untimely. Munoz was warned before and during his change of plea hearing of the possibility that his citizenship could be revoked due to his conviction, but he made no efforts to discover whether his citizenship was in jeopardy in the more than five years between his conviction and the commencement of revocation proceedings. *See* 28 U.S.C. § 2255(f)(1). But even if we assume that the multiple warnings Munoz received were insufficient to trigger the one-year deadline, he knew to a certainty that the Department would revoke his citizenship when he received its letter dated September 25, 2017. Munoz made no "reasonable effort" to challenge his conviction promptly. *See Aron*, 291 F.3d at 712. Munoz's immigration attorney responded to the letter from the Department on October 26, 2017, but Munoz waited until October 29, 2018, to file his postconviction motion, more than a year after receiving the letter from the Department. *See* 28 U.S.C. § 2255(f)(4). The district court correctly denied Munoz's motion.

We **AFFIRM** the denial of Munoz's motion to vacate.